**In re Angela Tomasa BOFILL, Debtor.**

**Bankruptcy No. 80 B 11347.**

United States Bankruptcy Court,
S.D. New York.

Dec. 14, 1982.

Dorothy Eisenberg, Garden City, N.Y., Trustee in Bankruptcy and for Trustee.

Shaw, Goldman, Licitra, Levine & Weinberg, P.C., Garden City, N.Y., for Trustee on the Application.

Parcher & Herbert, New York City, for debtor.

Weil, Gotshal & Manges, New York City, for Arista Records, Inc.

Cornelius Blackshear, Asst. U.S. Trustee, New York City, for U.S. Trustee.

## DECISION ON FEE APPLICATIONS

EDWARD J. RYAN, Bankruptcy Judge.

On August 19, 1980, a voluntary petition under Chapter 7 of the Bankruptcy Code was filed by Angela Thomasa Bofill (the "debtor"). Such petition was dismissed with prejudice under Section 707 of the Bankruptcy Code on September 21, 1981. Subsequently, on October 10, 1981, Dorothy Eisenberg (the "trustee") filed a Final Report and Accounting and Application for Allowance for Commissions and Fees ("fee application"). The trustee also filed an Application for Allowance as Attorney for the Trustee ("attorney's fee application").

The issues herein to be decided are:

1. Do executory personal services contracts enter into the estate for purposes of determination of the trustee's fees?

2. What is the proper compensation for the trustee when the petition has been dismissed?

3. What is the fee that the attorney for the trustee is entitled to when such attorney is the same person as the trustee?

The trustee claims in her fee application that the debtor's executory personal service contracts should be included in the determination of the trustee's commissions because the dismissal specifically mentioned the revised contracts.

Contrary to the trustee's assertion, however, the dismissal merely acknowledged the existence of the contracts—it did not include the contracts in the estate.

The trustee relies on Section 541 of the Bankruptcy Code [1] which includes as property of the estate any interest in property that the trustee recovers, and any property necessary for a fresh start. 4 Collier on Bankruptcy ¶ 541.01 (15th ed. p. 541–6). Although Section 541 discusses property of the estate, it does not suggest what property is to be used to determine the trustee's fees.

■ An executory personal services contract is excluded from the estate pursuant to Sections 541(a)(6) [2] and 365(c) of the Bankruptcy Code since the trustee cannot assume an executory personal services contract of the debtor. Section 541 also excludes future profits of such contracts from entering the estate. *In re Noonan ("Noonan")*, 17 B.R. 793 (Babitt, B.J., Bkrtcy.S.D. N.Y.1982): *In re Scanlon*, 10 B.R. 245, 247 (Bkrtcy.S.D.Calif.1981); *Ford, Bacon, and Davis, Inc. v. Holahan*, 311 F.2d 901 (5th Cir.1962).

The trustee also relies on Section 365(c) of the Code which allows a trustee to assume an executory contract if the other party consents. The trustee herein claims that the other contracting party would have consented to an assumption of the contract in order to impose the injunctive relief [3] specified in the contract; however, the other party never actually consented thereto.

■ The trustee's accusation that the debtor abused the process of the bankruptcy court by filing the petition solely to afford herself the opportunity to reject the executory contract under Section 365(d) of the Code is unfounded. Section 365(d) is not a "legal loophole", but rather it allows the rejection of the contract so as to prevent parties in contractual or lease relationships with the debtor from being left in doubt regarding their status vis-a-vis the estate. House Report No. 95–595, 95th Cong. 1st Sess. (1977) 348; Senate Report No. 95–989, 95th Cong. 2d Sess. (1978) 59, U.S.Code Cong. & Admin.News 1978, p. 5787.

Accordingly, in *Noonan,* the court permitted rejection of the executory contract even though such rejection was the sole purpose of filing the petition for bankruptcy.

■ The trustee next contends that her commission should be based on the value of all property of the debtor's estate that passed through her control. However, Section 326 [4] of the Code bases the trustee's commissions solely upon "moneys disbursed or turned over," and not the mere value of the assets. [5] It is an unresolved issue whether "moneys disbursed" actually excludes valued assets; therefore, it has been left to the court's discretion to determine the issue. 2 Collier on Bankruptcy ¶ 326.01 (15th ed., p. 326–22).

Even if this court held that commissions could be based on valued assets, which it does not, the commissions would be denied because the trustee neither collected nor disbursed any assets. Although the court in *In re Toole ("Toole")*, 294 F. 975 (S.D.N.Y. 1920), allowed commissions to the trustee even though the property did not belong to the general estate, that case can be distinguished from the present case. In *Toole*, the trustee labored over valuing the securities, collecting them, ascertaining their ownership, and disbursing them. In the case at hand, the assets were freely given to the trustee without any effort on her part.

---

1. 11 U.S.C.A. § 541 (1979).

2. 11 U.S.C.A. § 541(a)6 limits property of the state to "proceeds, products, offspring, rents, and profits of or from property of the estate, except such as are earnings from services performed by an individual debtor after the commencement of the case."

3. The contract provided, *inter alia* that if the trustee assumed the contract, the debtor would be estopped from performing elsewhere.

4. 11 U.S.C.A. § 330 is the general section dealing with compensation to officers; Section 326 is the more particularized section concerning the limitations on compensation to trustees.

5. *In re Morris Bros.*, 8 F.2d 629 (D.Ore.1925), although decided under Section 48(c) of the Bankruptcy Act, remains viable under the Code since that part of the law was unchanged by the Reform Act.

In *In re Lehrenkrause,* 16 F.Supp. 792 (E.D.N.Y.1936), the court denied the trustee his commissions for the assignment of mortgages since he had not proven their value. If not for the lack of valuation, he would have received his fee because he actually disbursed the estate. In the case at hand, the trustee neither collected nor disbursed any assets.

The trustee, though, contends that she held the contract and disbursed it to the debtor and could have disbursed it to creditors. However, Section 326 of the Code states that the trustee's commission is based on "moneys disbursed or turned over in case by the trustee to parties in interest, *excluding the debtor* . . . ." (emphasis added)

In *In re Wolfe,* 12 B.R. 686, 4 C.B.C.2d 555 (Bkrtcy.S.D.Ohio 1981), the trustee awarded compensation for returning the assets to the debtor upon dismissal of the case only because the trustee searched for and found assets that the debtor had wrongfully withheld. In the present case, however, the trustee never discovered any undisclosed assets.

The remaining assets that the trustee claims as part of the estate are also excluded from the determination of her fee. The value of the royalties, musical compositions, and corporations are all based on the excluded executory contract. Even if the corporation had some value without the contracts, they would be excluded from the estate because the trustee failed to liquidate them as required by Section 326 of the Code which bases commissions only upon "all moneys disbursed."

■ The trustee incorrectly asserts that her involvement in the amendment of the contract is a justification for "reasonable compensation for actual, necessary services rendered," under Section 330(a)1 of the Code. She does not dispute that she did not participate in the negotiations of the revised contract at all, but merely advised the parties of the benefits of revising the contracts.

Negotiating between parties or advising them of the benefits of such negotiations is not among the duties of a trustee under Section 704 of the Code; consequently, the trustee is not entitled to compensation for such activities.

In summary, the executory personal services contracts are not included in the estate and consequently not in the determination of the trustee's commission.

Commissions are based on actual moneys disbursed. Commissions are not based upon the mere value of assets, especially when those assets have not been liquidated or disbursed and by their nature are not assumable by the trustee. Therefore, the trustee's application for commissions is denied.

■ The trustee's attorney's fee application requests $75,000 as compensation (a percentage of the executory contracts) or, in the alternative, $18,000 (120 hours multiplied by $150 an hour). The percentage fee based on the executory contracts is denied. The fee for the 120 hours must be reduced by any part of the 120 hours that Mrs. Eisenberg spent performing her duties as trustee. 11 U.S.C. § 328(b).

However, it was decided at a hearing on March 22, 1982, that the issue of the compensation of the trustee's attorney would be addressed in greater detail at another date pending determination of the trustee's commission application. Therefore, the matter of the trustee's attorney's fee is not decided herein and will be the subject of a renewed application consistent with this opinion.

Settle an appropriate order.