Peter B. Holden, Beasley & Holden, Reno, Nev., for defendants.

In re BLACK AND WHITE, a General Partnership of A. Hollis Norton and Beverly J. Norton, Husband and Wife, as Joint Tenants, and Roger D. Larson, dba Great American Video Center, dba Norton-Larson Building, Debtors.

A. Hollis NORTON and Roger D. Larson, Plaintiffs,

v.

VALLEY BANK OF NEVADA, a Nevada Corporation, Jeri Coppa, Trustee and Anabelle Savage, Trustee, Defendants.

Bankruptcy No. BK–R–85–01231.
Adv. No. 86–0164.

United States Bankruptcy Court,
D. Nevada.

Nov. 7, 1986.

### ORDER GRANTING SUMMARY JUDGMENT

JAMES H. THOMPSON, Bankruptcy Judge.

This adversary proceeding is before the court on plaintiffs' motion for summary judgment. The case involved a publishing agreement entered into by the plaintiffs with Simon & Schuster to author a book titled "How To Make It When You're Cash Poor." Plaintiffs assigned all of their interest in the publishing agreement to Valley Bank of Nevada.[1] The publishing agreement and the assignment were executed pre-petition. After the plaintiffs' bankruptcy petitions were filed, Simon & Schuster agreed to republish the plaintiffs' book if they would rewrite it to conform with new tax legislation and agree to promote it. Valley Bank claims an interest in any royalties derived from any rewrite of the book by virtue of the pre-petition assignment. The plaintiffs claim that any royalties from the book as rewritten are derived from post-petition efforts and are not property of the estate.

Section 541(a)(6) provides that property of the estate includes "[p]roceeds, product, offspring, rents, or profits of or from prop-

---

1. Because the authors fully performed their obligations under the publishing agreement, the court finds that the contract is not executory. Therefore, the provisions of 11 U.S.C. § 365 relating to executory contracts do not apply.

erty of the estate, except such as are earnings from services performed by an individual debtor after the commencement of the case." A. Hollis Norton is an individual debtor (Case number 86–280) as is Roger D. Larson (Case No. 86–222). The court finds that the plaintiffs' publishing agreement constitutes a personal services contract, thus, any profits derived from their post-petition efforts are not property of the estate.

The bank's claim in plaintiffs' royalties from their post-petition efforts would defeat a primary purpose of the Code to allow the debtor a fresh start. Plaintiffs were not obligated under the original contract to rewrite the book. If they do rewrite the book under the same title, it will presumably be subject to a new agreement with Simon & Schuster incorporating the terms of the original publishing agreement. Profits from this new agreement would not be covered by the assignment to Valley Bank.

For the foregoing reasons, plaintiffs' motion for summary judgment is granted. Plaintiffs' counsel shall submit to the court findings of fact, conclusions of law and a judgment consistent with this order.

IT IS SO ORDERED.