**In re Danielle Joy BIMBER f/k/a Danielle J. Walsh f/k/a Danielle Walsh Bimber, Debtor.**

**Gary V. Skiba, Trustee, Plaintiff,**

v.

**Danielle Joy Bimber, Defendant.**

**Bankruptcy No. 03–11622.**

**Adversary No. 04–1168.**

United States Bankruptcy Court, W.D. Pennsylvania.

Dec. 8, 2004.

Gary V. Skiba, Erie, PA, pro se trustee.

J. Wesley Rowden, Meadville, PA, for debtor.

## *OPINION*

WARREN W. BENTZ, Bankruptcy Judge.

Danielle Joy Bimber ("Debtor") filed a voluntary Petition under Chapter 7 of the Bankruptcy Code on July 2, 2003 (the "Fil-

ing Date"). Gary V. Skiba, Esq. serves as Chapter 7 Trustee (the "Trustee"). Following the first meeting of creditors on August 13, 2003 pursuant to 11 U.S.C. § 341,[1] the Trustee filed a Report of No Distribution. The Debtor received a discharge and the case was closed on October 16, 2003.

Prior to the bankruptcy filing, Debtor executed a contract dated July 13, 2002 and signed by Debtor on August 6, 2002 under which she was to perform services as a surrogate mother for remuneration in the sum of $15,000 plus expenses or $20,000 plus expenses in the event of a multiple birth ("Contract").[2]

The Contract provides in part that "BF [Biological Father] agrees to pay Surrogate the sum of Fifteen Thousand Dollars ($15,000) *upon delivery of the child* as contemplated by this agreement. Said consideration is for the Surrogate's services of *carrying said child to term ...*" (emphasis added). Handwritten additions to the Contract provide "I would like 1,000.00 month (sic) after 3 months and balance after delivery" and "$20,000 if multiples." Debtor received $1,000 in remuneration prior to the Filing Date and $23,000 thereafter.

Debtor did not list the Contract or the payments thereunder in her bankruptcy schedules as property, income or as an executory contract.

Upon learning of the Contract, the Trustee reopened the case and filed the within COMPLAINT TO REVOKE DISCHARGE AND [FOR] DENIAL OF EXEMPTIONS.

The Trustee asserts that "[t]he debtor's failure to disclose the contract and the monetary payments owed to her as a result of same would have been knowing and willful under the circumstances, prejudicial, and made in bad faith and justify the revocation of discharge in this case" and that "[s]uch failure to nondisclose also justifies the denial of all of the exemptions claimed by the debtor in this case."

Debtor responds that the failure to disclose the Contract or the payments was not done in a knowing and willful bad faith attempt to mislead the Trustee or the Court. Debtor asserts a belief that the Contract was void or voidable and that even though she had received $1,000 prior to the Filing Date, she would not receive any additional compensation under the Contract until the birth of the children.

 Under § 541(a)(6), a debtor's postpetition earnings for performance under a personal service contract are not considered property of the estate. 11 U.S.C. § 541(a)(6); *In re Martin,* 117 B.R. 243, 247–48 (Bankr.N.D.Tex.1990); *In re Black and White,* 68 B.R. 138 (Bankr. D.Nev.1986).

In this case, if the personal services Contract is valid, it required the Debtor to deliver a child or carry a child to term before any fee was earned. In the absence of a contract, the Debtor was in the early stages of the pregnancy as of the Filing Date and the great majority of her services for which she earned remuneration were performed postpetition and postpetition earnings are not property of the estate.

1. All references to Code sections are to Title 11 of the United States Code unless otherwise indicated.

2. The Court of Common Pleas of Erie County, Pennsylvania has determined that the Contract is void. *J.F. v. D.B.,* 66 Pa. D & C 4th 1 (Pa.Com.Pl.2004). We do not know if the decision is on appeal.

Some courts have held that a personal service contract itself is excluded from the estate:

> When the Bankruptcy Code became operable in 1979, it radically expanded the concept of property of the estate. Under the Bankruptcy Act of 1898, § 70 identified specific items which would become property of the estate. The Bankruptcy Code begins with the concept that everything is property of the estate unless it is specifically excluded or unless the debtor thereafter exempts it. 11 U.S.C. § 541(a)(6) states that property of the estate does not include "earnings from services performed by an individual debtor after the commencement of the case." This is limited to cases under Chapter 7 or 11, as post-petition earnings of the debtor become property of the estate in Chapter 13 cases (11 U.S.C. § 1306). The post-petition earnings from personal services contracts are thus excluded from the Chapter 7 or Chapter 11 estate. Does this exclude the contract itself? Although no specific legislative history is set forth describing the language of 11 U.S.C. § 541(a)(6), it appears clear that by removing from the estate post-petition earnings from personal service contracts, Congress was intending to retain the concept of § 70(a)(5). The language of § 541(a)(6), which excludes post-petition proceeds from property of the estate, is an enactment of case law which specified that where an executory contract between the debtor and another is based upon the personal service or skill of the debtor, the Trustee does not take title to the debtor's rights in the contract. *Ford, Bacon & Davis, Inc. v. Holahan*, 311 F.2d 901 (5th Cir.1962). (See discussion is 4A Collier on Bankruptcy, (14th Ed.) § 70(a)(5), paragraph 70.22).
>
> Under the Code, it has been held that a contract for personal services is excluded from the estate pursuant to both § 541(a)(6) and § 365(c). *In re Bofill*, 25 B.R. 550 (Bankr.S.D.N.Y.1982). The foremost recent opinion on this matter is *In re Noonan*, 17 B.R. 793 (Bankr. S.D.N.Y.1982), which is cited by both sides in support of their respective positions. While *Noonan* is usually cited for the proposition that a debtor may not be forced to assume a personal services contract, it also deals with the personal services contract as property of the estate.
>
> In Noonan the debtor was also a performer. He had entered into a personal services contract with a recording company, which wished to exercise its option and require him to record new albums. [Footnote omitted] Noonan, a debtor-in-possession, sought to reject the contract. When the recording company vigorously opposed Noonan's motion, Noonan converted to Chapter 7, knowing that the trustee could not assume the contract, nor could he force the debtor to perform. Therefore the contract would be automatically rejected.
>
> The recording company moved to reconvert to Chapter 11 and to be allowed to confirm a creditor's plan requiring Noonan to assume the contract and perform under it. The Court denied the motion. Among the grounds for denial was the holding that a personal services contract is not property of the estate. Noonan at 797–8. The Noonan case did not deal with the issue of rejection of a personal services contract, for the debtor's motion to reject was never heard.
>
> But the case clearly held that a personal services contract is not property of the estate. The Court finds this line of reasoning to be persuasive.

*In re Carrere*, 64 B.R. 156 (Bankr.C.D.Cal. 1986).

In sum, even if Debtor should have disclosed the Contract, we cannot find any prejudice to the estate caused by Debtor's failure to list the Contract in her Petition or the accompanying schedules.

The within Complaint will be dismissed. An appropriate Order will be entered.

## ORDER

This 8 day of December, 2004, in accordance with the accompanying Opinion, it shall be, and hereby is, ORDERED that the Trustee's COMPLAINT TO REVOKE DISCHARGE AND [FOR] DENIAL OF EXEMPTIONS is DISMISSED.