**In re SHIU HUNG LEUNG, Debtor.**

**Bankruptcy No. 80–01567.**

United States Bankruptcy Court,
E. D. Virginia.

Jan. 27, 1981.

Stephen R. Margulies, Norfolk, Va., for debtor.

Francis P. Dicello, Washington, D. C., U. S. Trustee.

John E. Robins, Jr., Norfolk, Va., Acting Asst. U. S. Trustee.

## ORDER DENYING DISMISSAL OF BANKRUPTCY PETITION

HAL J. BONNEY, Bankruptcy Judge.

Not in this Court you won't!

Shiu Hung Leung filed through counsel his voluntary petition of bankruptcy on October 23, 1980. But this filing included the petition and little else, no statement of affairs and no schedules of assets and liabilities.

When the omissions were not later filed, notice of a hearing to inquire into this failure was given and the hearing conducted on January 6, 1981. At the hearing the debtor asked that his petition be dismissed. His grounds for dismissal were interesting if not strange. He had experienced financial difficulty just prior to filing and he wished to utilize the benefits of the automatic stay provisions of 11 U.S.C. § 362 to keep the creditors at bay. [See copy of transcript with this ulterior motive highlighted.] Now that his financial situation has "improved," he wished the case dismissed.

In rather frank terms, Shiu Hung Leung used his bankruptcy to buy time. We do not believe this is the purpose of bankruptcy and the motion to dismiss is denied.

An investigation might conclude that dismissal is warranted and, if so, it shall be, indeed, granted, but

—The case has not been touched upon by the U. S. Trustee. The need for a thorough inquiry cries out.

—And what of the creditors? No proof has been offered that all of them have been satisfied in the interim and would not be prejudiced by a dismissal. Indeed, a representative of Transouth Financial Services appeared at the hearing in concern.

Certain assets, in the form of dishonored checks from a film company, existed at the time of the filing and have since been paid the debtor to an undisclosed extent. Should not these funds have been paid the creditors in accordance with the established bankruptcy priority? Who was favored and why?

—The debtor is not your run-of-the-mind consumer debtor, but an importer, merchant and one who has been involved to some degree in the film industry. With no statement of affairs we know not who he is, from whence he came and what he has been about. Really, no motion to dismiss can survive before the Court knows the facts.

If debtors are permitted to use the bankruptcy act solely to "buy time," we shall see such abuse of the system as one cannot imagine. The system must be maintained honest and pure of motive. *It was clear prior to the filing of this petition that filing would serve a singular purpose.* Thus, no statement of affairs and schedules were filed and when pressed on this by the Court, a motion to dismiss is offered.

Attorneys who put their names to pleadings must be cognizant of the fact, too, that they are vouching for the paper's good faith. F.R.C.P. 11.

The motion to dismiss the petition is denied without prejudice.

The debtor shall file his statement of affairs and schedules in accordance with a schedule set forth by the Court.

IT IS SO ORDERED.