**In re Shirley A. WOLFE fdba Hair Extraordinaire, Debtor.**

**Bankruptcy No. 1–80–02634.**

United States Bankruptcy Court, S. D. Ohio, W. D.

May 7, 1981.

Thomas J. Geygan, Cincinnati, Ohio, for trustee.

Edwin A. Wesselman, Cincinnati, Ohio, for debtor.

## ORDER ON DEBTOR'S MOTION FOR DISMISSAL

BURTON PERLMAN, Bankruptcy Judge.

Debtor has moved to dismiss her voluntary Chapter 7 petition without prejudice, asserting that she wishes to pay her creditors in full, and has arranged for her father to assist in accomplishing this. The trustee in the case, appointed November 26, 1980 (after the case was filed November 19, 1980), has filed an objection to the motion.

In his objection, the trustee asserts as grounds that (1) debtor did certain acts to hinder delay or defraud a creditor or an officer of the estate, (2) debtor made a false oath, (3) debtor has failed to furnish information requested of her by the trustee, and (4) intention to repay debts does not constitute good cause for dismissal.

The matter came on for hearing at which time the sole witness was the debtor who was called by the trustee. The bulk of the testimony was offered by the trustee for the purpose of showing the likelihood of an undisclosed preferential transfer of an automobile by debtor to her father some five months prior to filing the bankruptcy. In addition, the trustee adduced testimony relative to a $17,000.00 cash settlement received by debtor in her divorce. The trustee also showed that debtor had operated a beauty shop for a period of about a year ending September, 1980, as to the affairs of which he has not been adequately informed.

There has been no objection by any creditor of debtor to the application for dismissal.

The case raises the question of whether a debtor can freely dismiss a bankruptcy petition without limitation when no creditor objects, or whether a trustee who has uncovered an unlisted asset can successfully assert such an interest on behalf of creditors that dismissal will be denied.

Dismissal in liquidation cases is dealt with in the current bankruptcy legislation at 11 U.S.C. § 707 which says:

"DISMISSAL. The court may dismiss a case under this chapter only after notice and a hearing and only for cause, including—(1) unreasonable delay by the debtor that is prejudicial to creditors; and (2) nonpayment of any fees and charges required under chapter 123 of title 28."

When one reads this section in its entirety, it is clear that what is being discussed is the circumstances under which the *court* may dismiss a case. It is not directed at the question of dismissal voluntarily sought by debtor. Under these circumstances, we think it appropriate to apply to the current legislation, a comment applying to the Bankruptcy Act to be found at 3 Collier on Bankruptcy (14th Ed.) 662, that such a dismissal is "controlled by equitable principles." Further, on the next page of that authority may be found the statement that "... it is doubtful whether a trustee could successfully object to the proposed dismissal where the bankrupt and *all* of the creditors consent." This last statement appeals to us as appropriate guidance of us for application of "equitable principles." There is no doubt however, that the trustee has been put to considerable effort in this matter, and we will order dismissal only upon the condition that debtor pay a fair sum for administrative costs. The trustee will, therefore, furnish to the court and opposing counsel within ten days of the date hereof his application for administrative costs. Debtor will have five days from such submission to object to such submission. If there is an objection, the matter will be set down for further hearing. If there is no objection, debtor shall present an entry of dismissal promptly.

SO ORDERED.