**In re Charles Alvis RENNISON, Vonda Nell Rennison, Debtors.**

**Bankruptcy No. 58000073.**

United States Bankruptcy Court, W. D. Kentucky.

Sept. 9, 1981.

Leandra Walker, Paducah, Ky., trustee.

---

## MEMORANDUM ON PETITION FOR ADVICE

MERRITT S. DEITZ, Jr., Bankruptcy Judge.

The Clerk of this Court, Luther D. Thomas, has petitioned for advice on the treatment of trustee's compensation paid in a case in which the debtors received a refund upon a voluntary dismissal, without any other disbursements having been made. The facts giving rise to the Clerk's inquiry are simple.

Shortly after the filing of a voluntary bankruptcy petition in March, 1980, Leandra Walker was appointed trustee and marshaled a total of $1,316.00 in assets.

Voluntary dismissal of the petition was granted in May, 1980. Thereafter the debtors moved for payment to them of $1,316.00 in the hands of the trustee. This Court ordered that the trustee refund $1,147.04 to the debtors and retain $168.96 as her compensation due under the statutory commission schedule.

The Clerk of the Court is in receipt of an advisory letter from the Administrative Office of the United States Courts to the effect that trustees' compensation is to be paid *only* from "monies disbursed or turned over ... to parties in interest, *excluding the debtor*".

The Administrative Office thus adopts a rigid reading of 11 U.S.C. § 326 in prohibiting the payment of *any* commission to a trustee in cases in which funds are returned to a debtor upon a voluntary dismissal. Although the advisory opinion letter from the Administrative Office Bankruptcy Division was not written with regard to this particular case, it is nevertheless a clear statement of position applicable to these facts.

The dilemma thus created for the Clerk of this Court is the policy conflict between the advisory opinion letter and this Court's order permitting trustee compensation.

Although the language of 11 U.S.C. § 326 appears quite clear in its prohibition of trustee compensation for monies disbursed to the debtor, we hold that Section 326 is inapplicable in cases of voluntary dismissal, *where the only disbursement is to the debtors.*

The trustee in bankruptcy, a modestly compensated and beleaguered creature under the old Bankruptcy Act, has become, under the new Bankruptcy Code, an endangered species. More work is required of the trustee for less compensation. Highly increased record-keeping and reporting requirements of the Administrative Office make his job more difficult and time consuming. At the same time, due to liberalized exemption schedules rendering almost every case a no-asset case, trustee compensation has been slashed by as much as 75% on a per-estate basis.

The requirement of more work for less pay has caused a predictable attrition in the ranks of the trustee panel. While it appears likely that the federally-funded United States Trustee system will be implemented in 1984, it is the duty of this Court to administer not only justice, but the administrative caseload, between now and

April 1, 1984, and beyond. This is a task we cannot perform without the ongoing assistance of a panel of competent and compensated trustees. We have long since put behind us the notion of indentured servitude. No man will work for nothing. If he does, he will not perform to the full extent of his abilities.

In addition to those very practical considerations, a strong public policy supports our rejection of Section 326 in cases where a voluntary dismissal results in the trustee returning to the debtor 100% of the funds in his hands. Consider, in a hypothetical but realistic situation, the effect of an opposite rule:

A debtor voluntarily files a Chapter 7 petition, following which the trustee, fulfilling his high fiduciary duty, undertakes to collect money owed to the debtor. After several months of effort, the trustee has marshaled a substantial fund, and during that same time, due to operation of the automatic stay, creditors of the petitioner are rendered powerless to move against him. During this respite, the debtor has through current income been able to restructure his affairs and continue into the future unaided by the Bankruptcy Court. He moves for voluntary dismissal and asks for the trustee to return to him 100% of the money held in trust.

If Section 326 were to be literally applied to such a case, the debtor would have enjoyed, cost-free, the benefits of the bankruptcy law. The trustee would have acted not for the benefit of unsecured creditors, whose interests he is sworn to protect, but as an unpaid collection agent for the debtor. By ruling as we do, we hope to prevent that inequitable result from occurring.

Other courts have suggested the propriety of this view. *In re Wolfe*, 12 B.R. 686, CBC 2d 555 (Bkrtcy.S.D.Ohio 1981), citing 3 *Collier on Bankruptcy* (14th Ed.) 662, held that voluntary dismissal is "controlled by equitable principals", and found the trustee entitled to a fair sum for administrative costs to compensate him for his "considera-

ble effort". To the same effect is *In re Hendricks*, 11 B.R. 48, 7 BCD 688 (Bkrtcy. 1981), requiring a debtor to pay a portion of *exempt* assets to the trustee for "the performance of this duty (collecting the assets) ... of considerable benefit to the debtor". We agree with the blunt language of *In re Shiu Hung Leung*, 8 B.R. 242 (Bkrtcy.E.D. Va.1981), that:

"If debtors are permitted to use the Bankruptcy Act solely 'to buy time' we shall see such abuse of the system as one cannot imagine. The system must be maintained honest and pure of motive."

For the foregoing reasons, the Clerk of this Court is advised that 11 U.S.C. § 326 does not apply to voluntary dismissals in which trust funds are to be disbursed to the debtors and no others, and the trustee is entitled to the statutory commission in such cases. Although the question is not before us, the allowance of additional compensation for extraordinary services rendered could be permitted in an appropriate case.

The Clerk is instructed to close the case file and to make his accounting to the Administrative Office in a manner not inconsistent with this opinion.