In re FLYING S LAND & CATTLE COMPANY, INC., a California Corporation, Debtor.

In re DOMICILES, INC., a California Corporation, Debtor.

Bankruptcy Nos. LA–80–08798(CA), LA–81–03055(CA).

United States Bankruptcy Court, C. D. California.

Sept. 2, 1982.

Lawrence A. Diamant, Robinson, Wolas & Diamant, Los Angeles, Cal., Trustee.

Robert M. Yaspan, Yaspan & Goch, Sherman Oaks, Cal., for Domiciles.

Jay L. Michaelson, Michaelson & Susi, Santa Barbara, Cal., for Flying S, etc.

James T. Eichstaedt, Los Angeles, Cal., United States Trustee.

Quinlan J. Shea, Jr., Andrea J. Winkler, Barbara G. O'Connor, Washington, D. C., for the Executive Office of the United States Trustees.

Edward S. Szukelewicz, Washington, D. C., for Administrative Offices, United States Courts.

## MEMORANDUM OF DECISION

CALVIN K. ASHLAND, Bankruptcy Judge.

In each of these Chapter 11 cases Lawrence A. Diamant was the trustee. The problems of each debtor were resolved and each debtor requested dismissal of its case.

The debtors each agreed to the payment of a fee to the trustee. In Flying S Land & Cattle Company, Inc. it was $5,000; in Domiciles, Inc. it was $1,000. The Administrative Office of the United States Courts contends the fees should be $533.93 and $67.21, respectively, these amounts being the statutory maximum allowed by 11 U.S.C. § 326(a) which permits the court to allow reasonable compensation not to exceed stated percentages "upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor . . ."

The Director of the Administrative Office of the United States Courts and the Executive Office for the United States Trustees, United States Department of Justice, submitted amicus curiae memoranda. The Executive Office's memorandum supports the position of the trustee.

The trustee in each case was not idle. In Flying S there was a 3,600 acre parcel of real property located on the coastal plane north of Santa Barbara near the Ronald Regan ranch. The property was subject to foreclosure. The only income was monthly rental payments of $2,500 from an avocado farming operation on the property. The trustee resolved a dispute between the debtor and John Travolta who had purchased part of the debtor's property before the bankruptcy proceedings. Resolution of the dispute concerning boundary location was necessary in order to sell the remaining property.

The trustee forestalled foreclosure, and the property was sold for $12 million. The buyer preferred to close the transaction with a seller outside of bankruptcy. There were no unsecured creditors. At the hearing on dismissal, the debtor supported the fee of $5,000 for the trustee as being merited by the time, effort, and success of the trustee.

In Domiciles, the president of the debtor was incarcerated and unable to manage the affairs of the debtor. The debtor's interest in one of two parcels of property was sold to the creditor seeking foreclosure. The trustee concluded the sale, negotiated the form and contents of the documents evidencing the transaction, and received the consideration paid the debtor. Again, there were no unsecured creditors. The debtor asked the trustee to support a dismissal and supported the fee to the trustee. The value of the property was scheduled as $835,000.

Bankruptcy Code § 326(a) was meant to exclude the recovery of compensation to the trustee only on exempt property returned to the debtor. Under the Bankruptcy Act

§ 48, the trustee's commission was computed on "all moneys disbursed or turned over to any person, including lienholders." The legislative history of § 326(a) explains the basis for the maximum compensation to the trustee but does not give the rationale for the computation based upon moneys disbursed "to parties in interest, excluding the debtor..." H.R.Rep.No.595, 95th Cong., 1st Sess. (1977) at 327, U.S.Code Cong. & Admin.News 1978, pp. 5787, 6283. In reality, § 326(a) does not change prior law, except as to percentage, bases of compensation, and deletion of a minimum fee. A different interpretation would prevent the Code trustee from being compensated for the same services performed by an Act trustee.

Under § 541 the debtor's exempt property becomes part of the estate. Under the Bankruptcy Act it did not. The phrase "excluding the debtor" in § 326(a) protects the debtor's exempt property from diminution because it is not a base upon which compensation can be computed.

The limitations on trustee compensation in § 326(a) should not apply when funds are returned to the debtor because of a dismissal. Where the trustee has rendered services the debtor will be unjustly enriched, upon dismissal, unless the trustee is compensated. Bankruptcy courts have exercised their powers by conditioning the return of property to the debtor upon payment of compensation to the trustee. *In re Rennison,* 13 B.R. 951 (Bkrtcy.W.D.Ky.1981); *In re Wolfe,* 12 B.R. 686 (Bkrtcy.S.D.Ohio 1981); *In re Hendricks,* 11 B.R. 48 (Bkrtcy.D.Mo. 1981).

Under § 349(b) "[u]nless the court, for cause, orders otherwise, a dismissal ... (3) revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case ..." It is by operation of law rather than any action in the case that revests property in the debtor. Similarly, under § 348(c) upon conversion the service of any trustee serving in the case prior to conversion is terminated. The distribution the trustee makes is by operation of law

incidental to the conversion not in the case itself. Where there is a surplus estate, generated by the efforts of the trustee but not claimed because creditors have not filed proofs of claim, it would be unfair to reward the debtor and not compensate the trustee. The words "excluding the debtor" in § 326(a) could not have been intended not to compensate a trustee in these situations.

The compensation in Flying S and Domiciles is reasonable in each case and should be allowed. A separate order will be entered.