**In the Matter of Jack T. & Bonnie C. PRAY, Debtors.**

**No. 81–1112.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Nov. 21, 1983.

**28**

George T. Hadley, Tampa, Fla., Bankruptcy Trustee.

Jary C. Nixon, Tampa, Fla., trustee.

A. Karl Stevens, Tampa, Fla., for debtors.

ORDER ON MOTION FOR REHEARING ON ORDER DISALLOWING TRUSTEE'S APPLICATION FOR ALLOWANCE

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 case and the matter under consideration is a Motion filed by the Trustee, who seeks a rehearing of a previous Order entered by this Court which disallowed the Trustee's Application for Allowance. In order to put this matter in proper perspective, a brief review of the record shall be helpful.

Jack T. Pray and his wife, Bonnie C. Pray, filed their joint voluntary petition for relief under Chapter 7 of the Bankruptcy Code on June 25, 1981. Their Schedule of Assets accompanying the Petition failed to disclose a possible claim for personal injury as an asset, a claim which was, at that time, already subject to litigation in the state court.

In due course, George T. Hadley was appointed as trustee, who, on July 6, accepted the appointment and appeared at the original § 341 Meeting of Creditors held on July 28, 1981. On October 6, 1981, the Trustee applied for leave to employ Richard Mulholland, as special counsel, for the purpose of handling the personal injury case alluded to earlier.

On August 18, 1982, the Debtors filed a Notice of Voluntary Dismissal which was followed up by a Motion for Voluntary Dismissal also filed by the Debtors. The Motion was based on the proposition that substantial change developed in their financial circumstances and they are now willing and able to pay all their creditors. In due course, the Motion was scheduled for hearing with notice to all creditors. In the interim, the Trustee filed an Application for Allowance of $480, which amount was allegedly based on the maximum allowable fee permitted by § 326 of the Bankruptcy Code. The basis to which the Trustee attempted to apply the maximum allowable percentages was the sum of $10,000, which resulted from the settlement of the personal injury claim of the Debtor.

It further appears that counsel for the Trustee, who also sought an allowance, was not initially authorized to be employed by the Trustee, but on December 8, 1982, an application to employ him on a special retainer was filed and on December 22, this

Court entered an order and authorized the employment nunc pro tunc. The Order does not clearly indicate the effective date of the employment. On January 12, 1983, counsel for the Debtors filed a Motion entitled "Motion for Payment of Trustee's Fees and for Distribution of Assets." In this Motion, the Debtors requested that this Court approve an allowance to the Trustee in the amount of $2,000 and an allowance to Trustee's counsel in the amount of $800. Thereafter, the Debtors filed a renewed motion for approval of the fees and for dismissal of the case. At a duly scheduled hearing, the Court heard argument of counsel and considered the record and denied the Motion on the ground that inasmuch as these Debtors already received their discharge, it would be inappropriate to grant the Motion and to dismiss the case:

Thereafter, the matter was set down to consider the disposition of the funds received from the settlement of the personal injury action which, by this time, became a subject of an adversary proceeding filed by the Trustee against the Debtors, against the special counsel of the Debtors and against some other parties whose participation in these proceedings is without relevance. On August 25, 1981, counsel for the Trustee filed a renewed Application for Allowance and sought an allowance in the amount of $1,310 and the reimbursement for expenses in the amount of $7.90. On September 7, 1983, this Court entered an order and granted an allowance to the attorney for the Trustee in the amount of $1,200 as fees and the reimbursement of expenses in the amount of $7.90, but denied any allowance to the Trustee. This is the Order which is under challenge by the Trustee's Motion which seeks a rehearing and allowance now based on equitable grounds, citing the case of *In re Rennison,* 13 B.R. 951, 4 CBC 2d 1560 (Bkrtcy.W.D.Ky.1981).

The right of a trustee for compensation for services rendered to the estate was always recognized and was accorded the highest rank of priority treatment. Thus, under the Bankruptcy Act of 1898, as amended, § 48 of that Act expressly dealt with this subject and § 64 of the Act, which dealt with priorities of claims, accorded the first priority to costs of administration which, of course, included the commission to be awarded to a receiver, marshal or trustee.

The measure of compensation of trustees was traditionally based on "all monies disbursed or turned over by them to any persons, including lien holders; § 48(c)(1) of the Bankruptcy Act of 1898. The rate was based on a percentage on a descending scale. The Bankruptcy Code, while adopting the basic concept of the pre-Code law, injected an important limitation on the right of a trustee to receive compensation by providing that the percentage shall be based only "upon all monies disbursed or turned over in the case by the Trustee to parties of interest, *excluding the Debtor,*" (emphasis supplied).

■ A literal reading of this Section leaves no doubt that a Trustee may not earn and cannot be awarded a commission for services rendered if all funds are turned over to the debtor and no distribution is made to parties of interest whether in a Chapter 7 case because the case was dismissed on a voluntary motion of dismissal filed by the debtor or, in a Chapter 11 case because a trustee appointed pursuant to § 1107, upon confirmation of the plan of reorganization, turns over all properties of the estate to the debtor unless, of course, the plan confirmed is a plan submitted by the Trustee and the Trustee distributes all assets to parties of interest, excluding the debtor. One can readily envision a grossly, inequitable result which might result from a literal application of § 326 in such instances.

Precisely, this is the situation involved in this particular case. This brings into focus the question which is whether or not the limitation placed on the trustee's compensation by § 326 of the Bankruptcy Code is applicable in a case when there is a voluntary dismissal by the debtor of a completed administration and there is no distribution whatsoever by the trustee to anyone except to the debtor.

Neither research of counsel nor independent research found any case which actually dealt with this question with the exception of a case *In re Rennison, supra* where the Bankruptcy Court held that § 326 of the Bankruptcy Code is inapplicable in cases which are dismissed pursuant to a voluntary dismissal by the Debtor and when the only disbursement by the Trustee is to the Debtor. The Court in *Rennison, supra* concluded that a trustee is entitled to receive reasonable compensation for his services in spite of the clear language of § 326. While this Court is in full agreement with the basic equitable principle, which was the basis of the holding in *Rennison, supra*, it is constrained to challenge the relevance of the authorities cited by the *Rennison, supra* court in support of its holding. The Court in *Rennison, supra* cited *Colliers on Bankruptcy*, 2326.01(4)(d) (15th ed.) in support of the proposition that § 326 of the Bankruptcy Code is not applicable to a case where the debtor seeks a voluntary dismissal. The text cited fails to furnish any support whatsoever for the ultimate conclusion and the holding. The text cited in the treatise dealt with § 48 of the Bankruptcy Act of 1898 and dealt uniquely and solely with the right of a trustee to receive compensation based on the value of the property turned over to secured creditors rather than based only on monies actually disbursed or turned over by the trustee to any party of interest. Thus, while the reliance of the Court in *Rennison, supra* on the non-specific and non-relevant text in Colliers is obviously not persuasive, its reference to decided "cases" in support of the text is even more misleading and fails to furnish any authoritative support for the holding. For instance, *Rennison, supra* cites in support of its ultimate conclusion the case of *In re Wolf*, 12 B.R. 686, 4 CBC 2d 555 (Bkrtcy.S.D.Ohio 1981), where the court was called upon to consider a Motion to Dismiss filed by the debtor. In *Wolf, supra,* the Court merely stated that in considering the Motion, the Court must be guided by equitable principles and since both the Debtor and the creditors consented to the dismissal, the motion was granted. *Wolf, supra* did not involve the question of

the trustee's right to compensation in a case of a dismissal, and it involved only the right of a Debtor to dismiss the case.

The case of *In re Shiu Hung Leung,* 8 B.R. 242 (Bkrtcy.E.D.Va.1981), also cited by *Rennison, supra* merely held that where a debtor failed to file Statement of Affairs, Schedule of Assets and Liabilities, required to be filed by the Rule, his motion for dismissal would be denied. The Court in *In re Shiu Hung Leung, supra* based its decision on the concept of punishment of a debtor who willfully disregarded the procedural requirements of the Code and did not consider the right of a trustee to earn commission on a dismissed case.

▮ There is no question that the literal reading of the Code, by virtue of § 103(a) of the Code, § 326 has an across-the-board application and applies to all operating chapters of the Code, including Chapter 7 cases. However, this Court is satisfied that its provisions were designed to apply only to fully administered cases and not cases which are dismissed on the debtor's motion prior to completion of the administration of the estate.

▮ Accordingly, this Court is satisfied that in the case of a voluntary dismissal by the debtor and when there is no distribution made to any one but to the debtor, § 326 is not applicable. Thus, in the present instance, the Court is empowered to award compensation to the trustee on the basis of quantum meruit in spite of the fact that all funds are returned to the Debtor and the trustee makes no distribution to creditors.

▮ This leaves for consideration the question of what is the proper award to be made in this case to a trustee. When one considers an award on equitable principles and based on quantum meruit, one must obviously consider the nature and the extent of the services rendered by the trustee. In this particular instance, the trustee did not prepare any inventory; was not required to collect any tangible assets of the estate; was not called upon to safekeep and to preserve any assets; and did not, in the strict sense, liquidate anything whatsoever.

The fact of the matter is in this case, the trustee was nothing more than a figurehead. All matters were handled by the attorney for the trustee who was supervising the progress of the litigation of the personal injury claim of the debtor and the settlement which was ultimately effectuated by special counsel. Thus, the Trustee's efforts and involvement and work in this case was, to say the least, nominal. In light of the foregoing, an award to the Trustee of $250 would be more than adequate and the Motion to Dismiss would be granted upon payment of said sum to the trustee and the case shall stand as dismissed.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Motion for Rehearing be, and the same hereby is, granted and the Trustee be, and the same hereby is, awarded compensation of $250 to be paid by the Debtors as a condition to dismissal.