**In re Robert T. SMITH, Debtor.**

**Bankruptcy No. 83–00591.**

United States Bankruptcy Court, District of Columbia.

Dec. 5, 1984.

Cynthia A. Niklas, Pitts, Wike, Niklas, Washington, D.C., trustee.

John P. Devers, Washington, D.C., for debtor.

## ORDER

GEORGE FRANCIS BASON, Jr., Bankruptcy Judge.

In this case there was only one creditor, the first trust holder on the Debtor's residence. The Debtor's Plan as originally filed called for paying off the deed-of-trust arrearages in monthly installments over a three-year period. A substantial question existed as to whether the Debtor had any legal or equitable right to the property, however, because the first trust holder had foreclosed over a month before the Debtor filed his Chapter 13 petition. That question presented interesting issues involving interpretation of §§ 544(a)(3) and 548(a)(2) of the Bankruptcy Code and a conflict of authority between the Fifth and Ninth Circuits. *Compare Durrett v. Washington National Insurance Co.,* 621 F.2d 201 (5th Cir.1980), *with In re Madrid,* 725 F.2d 1197 (9th Cir.), *cert. denied,* —— U.S. ——, 105 S.Ct. 125, 83 L.Ed.2d 66 (1984).

However, these legal issues became mooted in this case when the first trust holder and the Debtor presented a consent order, which this Court signed, under which the Debtor was to sell the property pursuant to a contract of sale between the Debtor and third parties. The contract had been entered into shortly after the Debtor's petition was filed. The Debtor proposed to remit the amount due to the first trust holder out of the net proceeds of the sale. A few days before the consent order was signed the Debtor filed an amended Plan incorporating similar provisions. This Court confirmed the Plan over the objection of the Chapter 13 Trustee; the sale took place; and the claim of the one and only creditor in this case has been satisfied.

Subsequent to confirmation but prior to the sale, the Trustee renewed her pre-confirmation motion to dismiss the case on the ground that the Debtor "filed his petition in bad faith and has no intention of complying with a confirmed plan. There are no creditors to pay in this case, other than one deed of trust holder which will be paid at settlement of the sale of Debtor's residence."

One basis for the Trustee's objection and motions to dismiss was the statutory restriction that "[o]nly an individual with regular income" (11 U.S.C. § 109(e))—that is, an "individual whose income is sufficiently stable and regular to enable such individual to make payments under a plan under Chapter 13" (11 U.S.C. § 101(27))—is eligible for relief under Chapter 13. The plan in this case was funded not out of the Debtor's future income but solely out of sale of the property. However, the first plan filed by the Debtor did call for payments out of future income, and the Court is persuaded that the Debtor changed from a "future income" plan to a "sale plan" not so much because he lacked income but

rather because only the sale plan was acceptable to the first trust creditor and that plan would therefore avoid the delay, expense and uncertainty of litigation with the creditor. Moreover, 11 U.S.C. § 1322(b)(8) specifically authorizes a plan to "provide for the payment of all or part of a claim against the debtor from property of the estate or property of the debtor." Section 101(27) and 109(e) have to do with eligibility to file a Chapter 13 petition, not with what must or may be included in a Chapter 13 plan. Thus, the Court concludes that, at least in the peculiar circumstances of this case, so long as the Debtor has regular income from which he could make periodic payments, it is not absolutely essential that his plan provide for actually making periodic payments.

Therefore, this Court holds that the Debtor's petition was filed in good faith; and that the Debtor has in fact complied with the confirmed plan to the best of his ability.

■ Another matter of concern to the Trustee, and to this Court, was that a sale by the Debtor might deprive the Trustee of any commission, notwithstanding the Trustee's substantial expenditure of time and effort in the case. Under 11 U.S.C. § 1303 the debtor has, "exclusive of the trustee, the rights and power of a trustee" to sell property of the estate. In order to meet the Trustee's concern in that regard, this Court ordered that $750.00 should be escrowed from the net proceeds of sale "to secure any claim for compensation that may be made by the Trustee and allowed by the Court." Alternatively, the Court could have required the entire proceeds of the sale to be disbursed to the Trustee for distribution, but in the Court's view that alternative would have resulted in an unfair penalty to the Debtor and a windfall to the Trustee, since the Trustee had nothing to do with either procuring or conducting the sale, and since the Trustee's tasks of collection and disbursement would be significantly less in this case involving a single transaction than in a typical Chapter 13 case involving monthly collections and disbursements of relatively small amounts over a period of years.

Notwithstanding this Court's specific authorization for her to do so, the Trustee has not yet filed an application for *quantum meruit* compensation. As a practical matter, the proceeds of sale were insufficient, and the $750.00 amount ordered by this Court to be escrowed was not in fact escrowed. Indeed, because of an unanticipated water bill and other expenses, which resulted in a net deficiency of sale proceeds, the secured creditor agreed to lend the Debtor $4,000 on an unsecured basis in order to allow the sale to go through, and on the Debtor's motion this Court approved that post-petition debt pursuant to 11 U.S.C. § 364.

Moreover, the Trustee has expressed the belief that the statute prohibits any such claim for *quantum meruit* compensation in a case where the Trustee herself has neither collected nor disbursed any funds. 11 U.S.C. §§ 326(b) and 1302(d). Despite the statutory language, this Court believes that in a case such as this the Court has equitable power to allow compensation to the Trustee on a *quantum meruit* basis. *In re Pray*, 37 B.R. 27 (Bankr.M.D.Fla. 1983), is precisely on point. There, the Debtors voluntarily dismissed their case because they were "now willing and able to pay all their creditors." The Chapter 7 trustee had received certain funds but had made no distribution to creditors, and he was to turn the funds over to the debtors on dismissal of the case. Notwithstanding the clear and mandatory language of § 326(a) "excluding [payments to] the debtor" from being counted in computation of a trustee's allowable compensation, the court allowed compensation to the trustee on a *quantum meruit* basis, holding that the provisions of § 326 "were designed to apply only to fully administered cases ..." Like *Pray*, this case was certainly not "fully administered" by the Trustee. Therefore, on the authority of *Pray*, this Court will allow compensation in this case on a *quantum meruit* basis to the Trustee, if

she files an application within ten days after entry of this Order.

■ The Debtor has filed an application for a discharge under 11 U.S.C. § 1328(a). Since the plan as confirmed contemplates that there may be payment of compensation to the Trustee, the Debtor will not be entitled to a discharge unless he pays the Trustee whatever compensation this Court allows or unless the Trustee waives compensation either expressly or by failing to file a timely application. 11 U.S.C. § 1328(a) expressly requires "completion by the debtor of all payments under the plan" before a discharge may be granted.

NOW THEREFORE IT IS ORDERED, on December 5, 1984, that the Trustee's motion to dismiss this case is DENIED; and it is further

ORDERED that the trustee may file an application for compensation on or before ten days after entry of this Order; and if she does so, the Court will rule upon the application in due course; but if she fails to do so she shall be forever barred from making any claim against the Debtor on account of her services in this case; and it is further

ORDERED that the Debtor's application for discharge shall be held in abeyance pending resolution of the question of allowance of compensation to the Trustee, and until payment of any amount that may be allowed. Thereafter the Debtor will be entitled to a discharge (which will not affect the $4,000 post-petition debt, which was not "provided for by the plan or disallowed under section 502"—see 11 U.S.C. § 1328(a)); and the Clerk of this Court is hereby directed to schedule a discharge hearing for this Debtor if and when appropriate in accordance with this Order.