### In re John D. & Karen DONDEY, Debtors.

### Bankruptcy No. 84–00749–BKC–TCB.

United States Bankruptcy Court, S.D. Florida.

April 22, 1985.

Irving Gennet, Boca Raton, Fla., Trustee.

Robert Kane, Tahoe City, Cal., for debtors.

## ORDER ON EXEMPTIONS AND TRUSTEE'S COMPENSATION

THOMAS C. BRITTON, Bankruptcy Judge.

This case was filed in California. The debtors moved here after filing and the case was transferred to Florida. The case, which began in Chapter 11, was converted to chapter 7 and a trustee was appointed here almost a year ago. He has fully administered the case and the estate which amounts to $3,458 is now ready for distribution.

The trustee has requested review of the debtors' claim of exemption under the California Code and he has applied for compensation.

■ The debtors were California residents on the date of bankruptcy and their entitlement to exemptions in this case is, therefore, governed by the law of California. *Collier on Bankruptcy* ¶ 522.06 n. 8 (15th Ed.). Under California law, they were entitled to claim the federal exemptions. § 703.130 *California Civil Procedure Code.* The fact that Florida has opted to disallow the federal exemptions is irrelevant here.

The result of the foregoing conclusion is that the entire estate is exempt from the claims of creditors.

■ A bankruptcy trustee's compensation is limited by 11 U.S.C. § 326(a) to a sliding percentage:

"upon all moneys disbursed or turned over in the case by the trustee to parties in interest, *excluding the debtor,* but including holders of secured claims." (Emphasis added.)

The harsh consequence of the literal application of the foregoing provision has led some courts, including this one, to grant compensation to a trustee when the estate is returned to the debtor upon a *dismissal* of the case. However, I am aware of no precedent for disregarding the plain language of the statute with respect to that part of the estate which is exempt. *In re Flying S Land & Cattle Co., Inc.,* 23 B.R. 56, 57 (Bankr.C.D.Calif.1982). As stated there:

"Bankruptcy Code § 326(a) was meant to exclude the recovery of compensation to the trustee only on exempt property returned to the debtor."

For the foregoing reason, the trustee's application for compensation is denied.