**In the Matter of Venketachalam PARAMESWARAN, a/k/a Ven Parameswaran, Debtor.**

**Bankruptcy No. 84 B 20461.**

United States Bankruptcy Court, S.D. New York.

Aug. 26, 1986.

Jules Teitelbaum, P.C., New York City, for Miriam Teitelbaum, trustee.

## MEMORANDUM DECISION ON APPLICATIONS FOR ALLOWANCE

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The Chapter 7 trustee and her attorneys have filed a final report and have applied for compensation for their services which were performed before the debtor converted this case from Chapter 7 to Chapter 13 of the Bankruptcy Code.

On November 13, 1984, the debtor filed a petition in bankruptcy pursuant to Chapter 7 of the Bankruptcy Code. Miriam Teitelbaum, Esq., was appointed trustee in bankruptcy. She retained the firm of Jules Teitelbaum, P.C. as her attorneys. The trustee objected to the debtor's discharge in bankruptcy on the ground that within one year before the filing of the Chapter 7 petition he transferred his interest in his residential property to his wife with actual intent to hinder, delay or defraud his creditors, as proscribed under 11 U.S.C. § 548(a)(1). The trustee's objection was sustained after a trial held in this court, with the result that the debtor's discharge in bankruptcy was denied in accordance with 11 U.S.C. § 727(a)(2)(A). *In re Parameswaran*, 50 B.R. 780 (Bankr.S.D.N.Y. 1985), *aff'd* 85 Civ. 7703 (S.D.N.Y. December 20, 1985). Hence, the residential property in Scarsdale, New York, valued by the debtor to be $300,000, inured to the benefit of this estate. The debtor's appeal to the District Court was denied and the debtor was assessed by the District Court $1000 because of a frivolous appeal. Thereafter,

the debtor exercised his right under 11 U.S.C. § 706(a) to convert the Chapter 7 case to a case under Chapter 13 of the Bankruptcy Code. On February 18, 1986, an order was entered by this court converting the case from Chapter 7 to Chapter 13.

## THE TRUSTEE'S COMPENSATION

■ As trustee in bankruptcy in the Chapter 7 case, Miriam Teitelbaum seeks maximum statutory commissions of $4680 on the ground that the debtor's Scarsdale home is worth at least $300,000. The United States trustee objects that any commissions be paid to the trustee "since no assets of the debtor were converted to cash during the pendency of the Chapter 7. The case was converted to a Chapter 13 proceeding [sic]; no liquidation of the property can therefore be anticipated." Objection of United States trustee dated July 21, 1986 p. 2.

Indeed, no liquidation of the Scarsdale real estate may be required. Only one claim for $1331.02 was filed in this case, notwithstanding the fact that the debtor's Chapter 7 petition listed thirteen unsecured creditors for a total of $63,632.18. It appeared from the schedules when the Chapter 7 case was commenced that there were no assets from which a dividend could be paid. Accordingly, pursuant to Bankruptcy Rule 2002(e) the creditors were notified that it was unnecessary to file claims and that if sufficient assets became available for the payment of a dividend a further notice would be given for the filing of claims. After the trustee in bankruptcy successfully blocked the debtor's discharge and recovered the house for the estate, the debtor promptly converted the Chapter 7 case to Chapter 13. The creditors then received another notice in the Chapter 13 case advising them that they had 90 days from the date set for the meeting of creditors to file proofs of claim. The 90–day period has since expired, during which only the one claim for $1331.02 was filed by New York State for taxes owed. Apparently the previous notice that there were no assets in this case chilled the creditors' interest and prompted continued apathy.

The United States trustee's position that a trustee who neither collects nor disburses any funds is not entitled to any commissions under 11 U.S.C. § 326(a) is based upon a literal reading of this section. Obviously, the trustee did not disburse or turn over any moneys in this case because the debtor immediately converted to Chapter 13 after the trustee blocked his discharge and created assets which could form the basis for a distribution of moneys in this case. The debtor's conversion of the case from Chapter 7 to Chapter 13 prevented the Chapter 7 trustee from fully administering the Chapter 7 case, notwithstanding the trustee's efforts.

Although a literal reading of 11 U.S.C. § 326 would suggest that a trustee who does not distribute any moneys is not entitled to any statutory commissions, the courts have generally reasoned that a literal reading of § 326(a) should apply only in fully administered cases and that in cases which were not fully administered, through no fault of the trustee, compensation should be awarded to the trustee on a *quantum meruit* basis when the trustee performed substantial services but did not disburse any moneys. *In re Smith,* 51 B.R. 273, 275 (Bankr.D.D.C.1984); *In re Pray,* 37 B.R. 27 (Bankr.M.D.Fla.1983); *In re Rennison,* 13 B.R. 951 (Bankr.W.D.Ky. 1981).

The trustee in this case is entitled to an award based on *quantum meruit.*

> When one considers an award on equitable principles and based on quantum meruit, one must obviously consider the nature and the extent of the services rendered by the trustee.

*In re Pray,* 37 B.R. at 30. In the instant case the trustee created an estate from a no asset case and succeeded in setting aside a fraudulent transfer. The trustee's position was sustained on appeal. Her services and involvement in this case should not go unrewarded. However, in determining the proper award to be made to the

trustee, the court must be mindful of the fact that;

> the trustee did not prepare any inventory; was not required to collect any tangible assets of the estate; was not called upon to safekeep and to preserve any assets; and did not, in the strict sense, liquidate anything whatsoever.

*In re Pray* 37 B.R. at 30.

In light of the foregoing, an award to the trustee of $1000 is reasonable and proper for her services as trustee, as distinguished from her services as a member of the firm of Jules Teitelbaum, P.C. with respect to which a separate award will be made concerning the attorneys' fees applied for by counsel for the trustee.

### ATTORNEYS' FEES FOR TRUSTEE'S COUNSEL

As counsel to the trustee, Jules Teitelbaum, P.C., has applied for compensation in the amount of $13,723.65 plus disbursements of $138.70. Counsel for the trustee performed valuable legal services which were beneficial to the Chapter 7 estate. Had the debtor's discharge not been denied the estate would have been administered as a no asset case. However, the United States trustee objects to the amount of compensation claimed for the legal services performed and believes that this amount "seems high". The United States trustee observes that the research time spent for the purpose of sustaining the trustee's objections to the debtor's discharge was excessive. Approximately 48.5 hours of research are charged for this purpose despite the fact that a debtor's transfer of his interest in a house to his wife for no consideration within one year before bankruptcy does not involve any novel or complex issues requiring 48.5 hours of research. Additionally, the United States trustee complains about duplication of billing and notes that "two attorneys made court appearances regarding the appeal on December 4, 1985. There are also 6.16 hours of office conferences described in the time records." Objection of United States trustee dated July 21, 1986 p. 2.

■ Counsel for the trustee has already been awarded the sum of $1000 by District Court Judge Charles L. Brieant with respect to the debtor's frivolous appeal. This sum should be considered in arriving at the total award to the trustee's attorneys.

■ Counsel for the trustee is to be commended for having achieved excellent results in successfully objecting to the debtor's discharge and blocking the transfer of the debtor's interest in the house which he jointly owned with his wife. Nevertheless, it appears unrealistic that a skillful and sophisticated law firm specializing in bankruptcy cases should require a total of over 51 hours to research and prepare a brief in the Bankruptcy Court to sustain a cut and dried objection to the debtor's discharge based on the facts in this case. Moreover, an additional period of 19.75 hours to research and prepare a memorandum of law in the District Court, in order to support this court's decision in this case, appears to be an excessive amount of time expended in connection with an appeal which the District Court found to be utterly frivolous.

Based upon the facts in this case the sum of $9,000 constitutes a fair and reasonable compensation for the legal services performed by the trustee's attorneys, together with reimbursement for disbursements of $138.70. Thus, the debtor's estate will be required to bear a total expense of $10,-138.70, consisting of $1000 awarded to the trustee in bankruptcy and $9000 to her attorneys, plus expenses of $138.70, inclusive of the $1000 previously awarded to them by the District Court.

SETTLE ORDER on notice.