In re Larry C. WOODWORTH, Mary Katherine Woodworth, Debtors.

Bankruptcy No. 86–00402.

United States Bankruptcy Court, N.D. New York.

Feb. 13, 1987.

Goldberg, Harding & Talev, P.C., Syracuse, N.Y., for Chapter 7 Trustee; Harold P. Goldberg, of counsel.

James Selbach, Syracuse, N.Y., for debtor.

Warren V. Blasland, Syracuse, N.Y., Standing Chapter 13 Trustee.

MEMORANDUM–DECISION
AND ORDER

STEPHEN D. GERLING, Bankruptcy Judge.

On April 3, 1986, debtors Larry C. Woodworth and Mary Katherine Woodworth ("Debtors") filed their petition for relief under Chapter 7 of the Bankruptcy Code, 11 U.S.C. §§ 101–151326 ("Code"). The applicant herein was appointed Trustee of the Debtors on April 9, 1986, and accepted the appointment on April 10, 1986. On June 13, 1986, the Court appointed the Trustee's law firm as counsel.

Subsequent to his appointment, the Trustee examined records, checked titles, questioned the Debtors at the Code § 341 meeting, and engaged in a number of contacts with Debtors' counsel. As a result of Trustee's efforts, he discovered that the property of the estate contained an unencumbered 1984 Chevrolet Blazer automobile having an approximate value to the estate of $10,000.00.

When the Trustee demanded turnover of the vehicle, the Debtors sought new counsel, and thereafter converted the case to one under Chapter 13 of the Code on September 17, 1986. The conversion preceded any marshaling of assets by the Trustee, or any disbursement of estate monies to creditors.

The Trustee has submitted an administrative Proof of Claim in Debtors' Chapter 13 case for the sum of $860.00. This figure is an aggregate of commissions the Trustee would have earned had the automobile been converted to cash, and the

proceeds disbursed.[1] Additionally, the figure includes compensation for attorneys' fees in the amount of $380.00, based upon expenditure of 3.8 hours at the "customary community rate of $100.00 per hour." The Trustee's application sets forth the itemized services in an attached "Exhibit B."

The Standing Chapter 13 Trustee has refused to accept the Trustee's administrative Proof of Claim, and has requested that the Court enter an order setting forth the approved amount of Trustee commissions and attorneys' fees, if any.

## I. TRUSTEE'S COMPENSATION

■ Code § 326(a) provides for maximum limits upon the compensation to be received by a Chapter 7 trustee; compensation is computed as various percentages of "all moneys *disbursed* or *turned over* in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims." (Emphasis added). Herein, the Trustee could not disburse or turn over any sums because the Debtors converted to Chapter 13 soon after the Trustee demanded turnover of the automobile. By operation of law, the Trustee was forestalled from fully administering the Chapter 7 case.

The Court's research has revealed that other bankruptcy courts have generally refused to apply a literal reading of Code § 326(a), restricting the section's application to fully administered cases only. Where a case is either converted or dismissed, courts have seen fit to compensate the trustee even where no money has been disbursed to creditors, upon a showing that the trustee has performed substantial services on the estate's behalf.

Consequently, a Chapter 7 trustee who created an asset in a no-asset case by successfully blocking a debtor's discharge was awarded compensation on a *quantum meruit* basis when the debtor's conversion to Chapter 13 stymied distribution of monies to creditors. *Matter of Parameswaran*, 64 B.R. 341, 343 (Bankr.S.D.N.Y.1986). Additionally, where a Chapter 7 trustee has actually marshaled assets prior to the debtor's conversion to Chapter 13, the bankruptcy court approved compensation even in the absence of disbursement. *In re Schneider*, 15 B.R. 744, 745 (Bankr.D.Kan. 1981). *Compare, In re Yale Mining Corp.*, 59 B.R. 302 (Bankr.W.D.Va.1986) (A strict interpretation of Code § 326(a) is not warranted absent complete administration, and thus fees paid to a Chapter 11 trustee prior to conversion are not considered when computing subsequent Chapter 7 trustee fees).

Further, notwithstanding the language of Code § 326(a), the *quantum meruit* basis of trustee compensation has been endorsed where debtors sought to dismiss their bankruptcy cases after trustee involvement and activity. *See, In re Smith*, 51 B.R. 273, 275–76 (Bankr.D.C.1984); *Matter of Pray*, 37 B.R. 27, 30 (Bankr.M.D.Fla. 1983); *In re Flying S Land & Cattle Co.*, 23 B.R. 56, 58 (Bankr.C.D.Cal.1982); *In re Rennison*, 13 B.R. 951, 953 (Bankr.W.D. Ky.1981); *See also, In re Wolfe*, 12 B.R. 686, 687 (Bankr.S.D.Ohio 1981); *Compare, In re Bofill*, 25 B.R. 550, 552 (Bankr.S.D.N. Y.1982) (Chapter 7 trustee fees are not to be based solely on the value of assets which pass through the trustee's control).

In the present case, the Trustee's activities have been minimal. The Trustee "did not prepare any inventory; was not required to collect any tangible assets of the estate; was not called upon to safekeep and preserve any assets; and did not, in the strict sense, [or any sense,] liquidate anything whatsoever." *Matter of Pray*, *supra*, 37 B.R. at 30.

The Court can appreciate the Trustee's predicament. He uncovers a valuable asset, and prior to seizure it is removed from his grasp by operation of law. Yet the fact

---

1. By the Trustee's calculations, had he seized and liquidated the automobile, his fees, pursuant to Code § 326(a), would have been computed as follows:

| | |
|---|---|
| 15% of the first $1,000.00 = | $150.00 |
| 6% of the next $2,000.00 = | 120.00 |
| 3% of the balance $7,000.00 = | 210.00 |
| | 480.00 |

remains that the Trustee's efforts did not result in any marshaling of assets, or the disbursement of funds to creditors. The Court cannot compensate the Trustee merely because a valuable, non-exempt asset was removed from what presumably would have been swift liquidation efforts by a debtor's utilization of the Code's liberal conversion provisions. Additionally, a review of the records submitted by the Trustee reveal that almost all matters concerning the status of the automobile were handled by his attorney. Activities particularly within the province of the Trustee are not in evidence. In light of the foregoing, the Court must deny that portion of the motion which seeks compensation for trustee's fees based upon Code § 326(a), beyond allowing the Trustee the minimum compensation authorized by code § 330(b).

## II. ATTORNEYS' FEES

▮ As indicated, counsel for the Trustee has applied for compensation in the amount of $380.00. Trustee's counsel performed valuable services to the Chapter 7 estate, and had the Debtors not converted the case to Chapter 13, a valuable asset would have been administered.

The fees requested are not excessive, and were capably and ably performed by Trustee's counsel. The Court recognizes, however, that certain of the entries contained on the itemized time sheet describe relatively routine duties customarily performed by the trustee, and many tasks were performed prior to Court appointment of Trustee's counsel. The difficulty of compensating the bicephalous trustee-attorney for trustee has previously been recognized. *In re Red Cross Hospital Asso., Inc.*, 18 B.R. 593 (Bankr.W.D.Ky.1982).

In light of the above, the Court orders the Chapter 13 trustee to accept as an administrative claim of the Chapter 7 Trustee's attorneys the sum of $233.00. This figure compensates the Trustee's attorneys for those services performed after their appointment.

As a consequence of the foregoing, it is

ORDERED:

1. There shall be allowed as administrative claims against the Debtors' Chapter 13 estate the following:

(a) $45.00 to the Chapter 7 Trustee pursuant to Code § 330(b).

(b) $233.00 to the attorneys for the Chapter 7 Trustee.