**In the Matter of Cheryl STABLER, Debtor.**

**Bankruptcy No. 86–3414.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

June 18, 1987.

Harvey P. Muslin, Tampa, Fla., for debtor.

Chris C. Larimore, Bradenton, Fla., Chapter 13 trustee.

Lawrence S. Kleinfeld, St. Petersburg, Fla., Chapter 7 trustee.

### ORDER ON MOTION FOR REHEARING OF ORDER ON MOTION FOR EX PARTE ORDER ALLOWING ADMINISTRATIVE EXPENSE

ALEXANDER L. PASKAY, Chief Judge.

THE MATTER under consideration is a Motion for Rehearing of Order on Motion

---

for Ex Parte Order Allowing Administrative Expense filed by Lawrence S. Kleinfeld (Kleinfeld), the former Chapter 7 Trustee. The Court has considered the Motion, together with the record, and upon reconsideration finds as follows:

Cheryl Stabler, the Debtor (Debtor) in the above-captioned case, filed a Chapter 7 Petition in bankruptcy on August 11, 1986. On August 13, 1986, Kleinfeld was appointed by this Court as Chapter 7 Trustee in the above-captioned case. On December 1, 1986, this Court entered an Order Converting the Chapter 7 case to a Chapter 13 case. Kleinfeld rendered the following services for the Chapter 7 bankruptcy estate:

(1) attended § 341 Meeting of Creditors;

(2) telephone conference with attorney for the Debtor;

(3) filed an Objection to Exempt Property;

(4) held several conferences with Ken Gravitt, appraiser for the bankruptcy estate; and

(5) attended a hearing on the Motion for Ex Parte Order Allowing Administrative Expense held by this Court on February 5, 1987, at 1:30 p.m.

Kleinfeld seeks $250.00 compensation for the services performed as Chapter 7 Trustee prior to the conversion of the case to a Chapter 13 and seeks the same as an administrative expense. On February 20, 1987, this Court entered an Order which denied Kleinfeld's Motion for Ex Parte Order Allowing Administrative Expense. It should be noted that the Motion's title is misleading since a hearing was held on the Motion, and therefore, it was not considered ex parte.

Section 326(a) of the Bankruptcy Code provides for maximum limits upon the compensation to be received by a Chapter 7 Trustee and provides as follows:

(a) In a case under Chapter 7 or 11, the Court may allow reasonable compensation under Section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed fifteen percent on the first $1,000 or less, six percent on any amount in excess of $1,000 but not in excess of $3,000, upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.

11 U.S.C. § 326(a). A literal reading of § 326 would suggest that a Trustee who does not distribute any moneys is not entitled to any statutory commissions. The Courts, however, have generally reasoned that a literal reading of § 326(a) should apply only in fully administered cases and that in cases which were not fully administered, through no fault of the Trustee, compensation should be awarded to the Trustee on a *quantum meruit* basis when the Trustee performs substantial services, but did not disburse any moneys. This is especially true when the case is either dismissed or converted. *In re Woodworth*, 70 B.R. 361 (Bankr.N.D.N.Y.1987); *In re Parameswaran*, 64 B.R. 341 (Bankr.S.D.N.Y. 1986); *In re Smith*, 51 B.R. 273 (Bankr.D. C.1984); *In re Pray*, 37 B.R. 27 (Bankr.M. D.Fla.1983); *In re Dennison*, 13 B.R. 951 (Bankr.W.D.Ky.1981).

In the case of *Parameswaran, supra*, a Chapter 7 Trustee who created an asset in a no-asset case by successfully blocking a debtor's discharge was awarded compensation on a *quantum meruit* basis when the debtor's conversion to Chapter 13 prevented liquidation of the non-exempt assets of the Debtor. Furthermore, notwithstanding the language of § 326(a), Trustee compensation has been approved on the *quantum meruit* basis when debtors have moved for dismissal of their bankruptcy cases after the Trustee has become actively involved in the administration of the estate. *See Smith, Pray, supra.*

The *Pray* case stated:

When one considers an award on equitable principles and based on *quantum meruit*, one must obviously consider the nature and extent of the services rendered by the trustee.

*In re Pray*, 37 B.R. at 30 (emphasis added). The fees requested by Kleinfeld are not excessive and were adequately performed by the Trustee. Based on the foregoing,

the Court finds that the Chapter 13 Trustee is to accept the sum of $250.00 as an administrative expense for the substantial services performed by Kleinfeld, the Chapter 7 Trustee.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Rehearing of Order on Motion for Ex Parte Order Allowing Administrative Expense be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED AND DECREED that the sum of $250.00 shall be treated as an administrative expense in the Chapter 13 case.