## In re TWEETEN FUNERAL HOME, PC Debtor.

## In re Carmen W. TWEETEN and Henrietta M. Twetten, Debtors.

## In re Konrad H. TWEETEN and Kathleen L. Tweeten, Debtors.

### Bankruptcy Nos. 84–05237, 84–05323 and 84–05327.

United States Bankruptcy Court, D. North Dakota.

Oct. 16, 1987.

Max Rosenberg, Bismarck, N.D., for debtors.

Phillip D. Armstrong, Minot, N.D., trustee.

### ORDER

WILLIAM A. HILL, Bankruptcy Judge.

Before the court is an Application For Quantum Meruit Trustee Fees filed in the above-captioned cases on September 8, 1987. By his motion, Phillip D. Armstrong, the trustee, asks for the sum of $2,205.92, an amount arrived at by calculating what the section 326(a) statutory fee would have been had he distributed $67,530.54 to the unsecureds. No distribution to creditors actually occurred in these cases because the Debtors paid the creditors directly. The Debtors resist the application.

These cases have been embroiled in fee disputes since the spring of 1986 when Mr. Armstrong, acting as attorney for the trustee, filed a request for attorney's fees in the sum of $32,745.00. The court allowed him $6,391.66, a result which spawned a motion for reconsideration and a motion to alter the conditions of compensation, neither of which were favorably entertained.

As will be recalled, the Tweeten Funeral Home case was commenced as a Chapter 11 in April, 1984 and converted to a Chapter 7 on June 14, 1984. The four principals of the funeral home filed separate Chapter 7 petitions in June, 1984, and Mr. Armstrong was appointed trustee for each of the cases shortly thereafter. After his appointment, Mr. Armstrong, in characteristic fashion, began to carry out his duties as trustee in the respective cases but his administration of the three cases was cut short when the Debtors, the trustee and other interested parties entered into an omnibus stipulation by which all administrative proceedings, adversary proceedings, and all claims secured and unsecured were settled. By the terms of the agreement filed September 4, 1985 and approved by the court on October 4, 1985, the Tweetens individually became obligated to pay in full all unsecured claims filed in the Tweeten Funeral Home, PC case as well as all administrative expenses incurred in all three cases. As a result of the stipulation no funds came into the hands of the trustee for distribution.

Trustee compensation is, by statute, fixed as a percentage of monies disbursed or turned over by a trustee to parties in interest. 11 U.S.C. § 326(a). Despite the statutory language, courts have exercised their equitable power to allow compensation to a trustee on a quantum meruit basis in situations where, although no money was disbursed or turned over by the trustee, he nonetheless performed substantial services to the estate. *Matter of Parameswaran*, 64 B.R. 341 (Bankr.S.D.N.Y.1986); *In re Smith*, 51 B.R. 273 (Bankr.D.D.C. 1984); *In re Rennison*, 13 B.R. 951 (Bankr. W.D.Ky.1981). The sentiment of these cases is that where a trustee devotes time and effort to a case which is not fully administered through no fault of his, he ought nonetheless receive payment for services rendered. As noted in *Rennison, supra*, "if section 326 were to be literally applied to such a case, the debtor would have enjoyed, cost free, the benefits of the bankruptcy law." This court agrees with the views expressed in the foregoing decisions but does not agree that quantum meruit awards should in every case be pegged against the statutory rate set out in section 326. This rate is the maximum rate allowed to a trustee for services rendered and may not necessarily be reflective of what a quantum meruit award should be. The statutory rate is based on a percentage of the dollars distributed without regard for time or effort. A quantum meruit award, on the other hand, is based not on the amount of distribution but upon such factors as the nature and extent of the services rendered. In a quantum meruit application the section 326 rate provides a maximum limit but is not in and of itself the standard by which a quantum meruit award is arrived at.

It appears that nearly all of the time devoted by Mr. Armstrong to these cases was in his capacity as attorney for the trustee. In that capacity he submitted a fee application denoting 327.5 hours devoted to the cases between the period October 9, 1984 and October 5, 1985—a span of one year. Two hundred thirty-seven hours were consumed in the Tweeten Funeral Home case alone. Assuming the hourly figures are accurate, Mr. Armstrong as attorney for the trustee spent the equivalent of two solid months working on nothing but the three cases—work for which he has been compensated. His appointment as trustee commenced in June of 1984 and his work as trustee essentially came to an end on September 4, 1985 with the filing of the omnibus stipulation. Due to the incredible number of hours he was always devoting to the cases as attorney for the trustee, it is unlikely that he was able to spend much more time on the cases in his capacity as trustee during the period October 9, 1984 to September 4, 1985. Moreover, during this time period everything of any consequence was being done by Mr. Armstrong in his attorney capacity. A review of the files reveals that aside from a rather lengthy first meeting of creditors, the trustee was involved in the sale of several vehicles, an objection to claim of exemptions, and abandonment, and an application for turnover, none of which appear to have involved any appreciable amount of time.

The court upon review of the various files believes that Mr. Armstrong as trustee is entitled to quantum meruit trustee's fees based upon the nature of the work actually performed by him as trustee with due regard for the amount he has already received as attorney for the trustee. Even at a rate of $100.00 per hour (this being the rate Mr. Armstrong charged as attorney for the trustee) he would have had to devote 22 hours to the files in order to generate the requested fee of $2,205.00. The court first of all does not believe $100.00 per hour is an appropriate quantum meruit rate for trustees and further does not believe from a review of the files that the work done exclusively as trustee can support 22 hours.

In sum, the court will allow Mr. Armstrong, as trustee, quantum meruit trustee's fee of $650.00 based on 10 hours of work at $65.00 per hour.

SO ORDERED.