**In re Kenneth E. & Kathleen E. RHEA, Debtors.**

**Kenneth R. HAVIS, Trustee, Appellant,**

v.

**Kenneth E. & Kathleen E. RHEA, Appellees.**

Civ. A. No. H–92–844.

United States District Court,
S.D. Texas,
Houston Division.

Aug. 3, 1992.

Richard W. Simmons, Nathan, Wood & Sommers, Houston, Tex., for appellant.

Craig Harwyn Cavalier, Cavalier & Associates, Houston, Tex., for appellees.

ORDER

HITTNER, District Judge.

This case represents an appeal from an order granting Trustee's fees in the amount of $272.88 and expenses in the amount of $360.53 for a total of fees and expenses in the amount of $632.81. Bankruptcy Judge William Greendyke entered the order in bankruptcy proceedings styled *In re Earl Rhea,* Case No. 90–08807–H4–11.

Appellant submits the following four issues for this Court's review on appeal:

1. The Court erred in not awarding the Chapter 7 Trustee's statutory fees calculated pursuant to Title 11 U.S.C. § 326(a) which should be paid by the bankruptcy estate as administrative expense through Debtor's confirmed Chapter 11 plan;

2. The Court erred in not awarding the Chapter 7 Trustee his fees based upon quantum meruit with respect to services rendered during the Chapter 7 case prior to Debtor's conversion of the case to Chapter 11;

3. The Court erred in not awarding the Chapter 7 Trustee his fees based upon the Doctrine of Unjust Enrichment with respect to services rendered during the Chapter 7 case prior to Debtor's conversion of the case the Chapter 11.

4. The Court erred in not awarding the Chapter 7 Trustee his fees based upon involuntary servitude with respect to services rendered during the Chapter 7 case prior to Debtor's conversion of the case to Chapter 11.

However, as issues three and four are raised for the first time on appeal, the Court declines to address them. *Singleton v. Wulff,* 428 U.S. 106, 120, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976). *See also In re Commodity Exchange Services Co.,* 67 B.R. 313, 315 (N.D.Tex.1986); *In re No-*

*vack,* 639 F.2d 1274, 1276 (5th Cir. Unit B Mar. 1981).

A bankruptcy court's findings of fact shall not be set aside unless clearly erroneous. 11 U.S.C. Rule 8013 (1984). It's conclusions of law are subject to de novo review. *In re Consolidated Bancshares, Inc.,* 785 F.2d 1249, 1252 (5th Cir. 1986).

Generally, compensation for both Chapter 7 and Chapter 11 trustees is governed by § 326(a) of the Bankruptcy Code which provides that:

> [t]he court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed fifteen percent on the first $1,000 or less, six percent on any amount in excess of $1,000 but not in excess of $3,000, and three percent on any amount in excess of $3,000, *upon all moneys disbursed or turned over* in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.

11 U.S.C. § 326(a) (1984) (emphasis added). In the case at bar, Bankruptcy Judge William Greendyke, applied the statute literally and ordered the compensation to be based on disbursements actually made by the Trustee. Appellant argues that it was error for Judge Greendyke to disregard the extent of the total services performed by the Trustee in favor of a straight application of the statute based on disbursements made to parties in interest. Under Judge Greendyke's Order, the Trustee received the maximum compensation available based on a literal interpretation of the statute. As appellant provides no Fifth Circuit authority for departing from the unambiguous language of the statute, this Court determines that the Order below should be affirmed.

Appellant also argues that Judge Greendyke erred in failing to award trustee fees based upon the principle of quantum meruit. Appellant concedes that there is no Fifth Circuit authority for awarding fees based upon quantum meruit. Moreover, this Court declines, as did Judge Greendyke, to establish such a precedent in this case where assets were actually distributed. *See In re Parameswaran,* 64 B.R. 341, 343 (Bankr.S.D.N.Y.1986) (holding that compensation could be awarded to a trustee on a quantum meruit basis when there are *no* monies disbursed).

Based on the foregoing, the Court

ORDERS that the bankruptcy court's order granting Trustee's fees in the amount of $272.88 and expenses in the amount of $360.53 for a total of fees and expenses in the amount of $632.81 is AFFIRMED.

This order terminates the appeal to this Court.