In re COAST PACKING MATERIAL COMPANY and First Container Corporation of California, Debtors.

Philip J. GIACINTI, Jr., Trustee for the Estates of Coast Packing Material Company and First Container Corporation of California, Plaintiff,

v.

WESTINGHOUSE CREDIT CORPORATION, John Ingram, Ingram & Company, Harold C. Nelson, and Nelson Enterprises, Defendants.

Bankruptcy No. C88–0433–H7.

Adv. No. C88–0433–H7.

United States Bankruptcy Court, S.D. California.

Dec. 18, 1989.

Philip J. Giacinti, Jr., Procopio, Cory, et al., San Diego, Cal., for pro se.

Clarence Bender, El Cajon, Cal., for defendants.

## MEMORANDUM DECISION

JOHN J. HARGROVE, Bankruptcy Judge.

At issue is whether petitioning unsecured creditors in an involuntary Chapter 7 case impliedly consent to the payment of reasonable trustee's fees where there are no unencumbered assets available for distribution.

The issue arises on the motion of plaintiff Philip J. Giacinti Jr., trustee ("trustee") for summary judgment. Trustee contends that petitioning creditors in an involuntary petition for relief under Chapter 7 impliedly consent to the payment of trustee's fees, and therefore are personally liable for the payment of trustee fees if the estate is insolvent.

This court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334 and § 157(b)(1) and General Order No. 312–D of the United States District Court, Southern District of California. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

## FACTS

This court finds that the following facts are undisputed by the evidence presented.

On November 17, 1980, an involuntary petition was filed against Coast Packing

Material Company ("Coast") by unsecured creditors Harold Nelson, Nelson Enterprises, and Harold Nelson as trustee and administrator of the Coast Packing Material Corporation Pension Plan Trust ("Nelson"). On November 18, 1980, Nelson filed a second involuntary petition against First Container Corporation of America ("First Container"), which was joined by unsecured creditors D.M. Oliver dba Warrens Industrial Sheet Metal, and Mesa Services. Philip J. Giacinti Jr., Esq., accepted appointment as trustee in both of the cases.

The assets of the estates were fully encumbered by secured creditors Westinghouse Credit Corporation ("Westinghouse"), John Ingram, and Ingram and Company ("Ingram").

With the consent of Westinghouse and Ingram, the trustee liquidated the debtor companies. Sale proceeds were insufficient to pay Westinghouse and Ingram in full.

After making disbursement to the secured creditors, the trustee applied to this court for his statutory fees and costs. Trustee also filed a motion to dismiss the involuntary Chapter 7 cases. On July 11, 1988, this court issued its order which 1) dismissed the involuntary petition; 2) found the trustee's services reasonable; 3) awarded the trustee $8,730 in fees; and 4) reserved jurisdiction regarding the trustee's request to surcharge the secured creditors, and petitioning creditor Nelson.

The trustee filed this adversary proceeding for payment of trustee's fees, amounting to $8,730 against petitioning creditor Nelson, and secured creditors Westinghouse and Ingram. Westinghouse and Ingram ultimately compromised the trustee's claim for $4,000.

The trustee now seeks payment of $4,730, the unpaid balance of his allowed fees, from petitioning creditor Nelson, on the basis of implied consent.

## DISCUSSION

■ The trustee contends that petitioning unsecured creditor Nelson impliedly consented to the payment of trustee's fees by requesting the trustee's appointment. The trustee alleges that the equitable principles of bankruptcy demand payment when a petitioning creditor commences an involuntary case, asks for the appointment of a trustee, obtains the valuable service from a trustee, and is aware that there are no unencumbered assets of the estate.

This court disagrees and concludes that Nelson did no more than exercise a statutory right available under 11 U.S.C. § 303. There is no statutory authority requiring that the trustee be reimbursed for his services by the petitioning unsecured creditors. The 1980 statutory fee of $20.00 compensates the trustee in an involuntary Chapter 7 proceeding just as it does in a voluntary case. 11 U.S.C. § 330(b).

The trustee's reliance on *In re Hotel Associates, Inc.*, 6 B.R. 108 (Bankr.E.D.Pa. 1980) is misplaced. That case involved secured creditors and a reorganization under Chapter 11. There, the trustee applied to the court for an assurance that regardless of the outcome of the debtor's proposed reorganization, the trustee's costs and expenses would be reimbursed. The court noted that the secured party moving for the appointment of a trustee clearly knew or should have known from the outset that the debtor's estate was insubstantial, apart from the secured assets, and granted the assurance, relying on 11 U.S.C. § 506(c) which provides that:

> [t]he trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim.

However, § 506(c) is inapplicable to an unsecured creditor. The trustee in the present case unfortunately did not seek prior court assurance of the payment of trustee's fees, despite the strong probability that the end result would be a no-asset estate.

■ The trustee's further contention that the court may condition the dismissal of a case upon the payment of reasonable fees and costs is also without merit under the particular circumstances of this case. The trustee's reliance on *In re Flying S Land & Cattle Co., Inc.*, 23 B.R. 56 (Bankr.C.D.Cal.1982) for this proposition is

also misplaced. In *Flying S*, a surplus estate was generated by the efforts of the trustee, and exempt proceeds were returned to the debtor. The bankruptcy court authorized payment to the trustee to prevent unjust enrichment of the debtor. In the present case there has been no unjust enrichment of the debtor, or Nelson.

## CONCLUSION

No equitable interests are served by requiring an unsecured creditor, who received no benefit nor unjust enrichment from the trustee's efforts, to pay trustee's fees in an involuntary Chapter 7 proceeding solely on the basis of his status as a petitioning creditor. Trustee's motion for summary judgment is denied, and judgment is entered in favor of defendant Nelson. The request of Nelson for payment of reasonable attorney's fees pursuant to Bankruptcy Rules 7008(b) and 7054(b) is misplaced and accordingly denied.

This Memorandum Decision constitutes findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052. Counsel for Nelson is directed to file with this court an Order in conformance with this Memorandum Decision within ten (10) days from the date of entry hereof.