**In re Donald Vernon BERRY, Debtor.**

**Bankruptcy No. 693–60988–aer13.**

United States Bankruptcy Court,
D. Oregon.

May 11, 1994.

Penny L. Austin, Medford, OR, for debtor.

Keith Y. Boyd, Grants Pass, OR, for Former Chapter 7 Trustee.

Fred Long, Eugene, OR, Chapter 13 Trustee.

## MEMORANDUM OPINION

ALBERT E. RADCLIFFE, Bankruptcy Judge.

The former Chapter 7 trustee in this case, Michael A. Grassmueck, Inc. has filed proof of claim # 7 in this case in the amount of $2,031.26 as an administrative expense claim. This matter comes before the court upon the debtor's objection to that claim.

### BACKGROUND

The facts are, essentially, undisputed. The debtor commenced this case by filing a voluntary Chapter 7 petition with this court on March 12, 1993. Based upon the schedules filed by the debtor, it appeared that this would be a no-asset case.[1] Michael A. Grassmueck, Inc., was appointed as the Chapter 7 trustee, herein (the trustee). On May 17, 1993 the trustee filed its Inventory and Report of Assets in the Chapter 7 proceeding. In this report, the trustee claimed an interest in certain assets, for the benefit of the estate, including the debtor's residence, a state tax refund (which the debtor had claimed as exempt) and a gift to a church valued at $1,020.[2]

---

1. In the debtor's *Memorandum In Opposition To Administrative Claim Of Chapter 7 Trustee*, the debtor indicates that the schedules clearly disclose non-exempt assets for trustee distribution. Technically, that is correct. In schedule A, the debtor has listed his residence as having a value of $50,000, subject to a secured claim in the amount of $28,420.13. The debtor claimed the allowable homestead exemption in this property of $15,000. Assuming costs of sale of approximately 10% of the sales price, a sale at $50,000 would net the estate $1,579.87. In addition, in schedule B, the debtor has scheduled wages due and owing as of the date of filing in the amount of $972.60. The debtor has claimed an exemption in these funds of $720.45, leaving non-exempt wages due the estate of $252.15. Assuming

that a Chapter 7 trustee would administer this estate on a cost-effective basis for the benefit of unsecured creditors, it is likely that the trustee would not attempt to sell the debtor's home, at the value scheduled by the debtor and would probably report this case as a no-asset estate.

2. The trustee decided that the debtor's residence was worth substantially more than the $50,000 scheduled by the debtor and listed this property for sale at $74,000. In addition, the trustee indicates that, for purposes of computing his fees, this property should be valued at $69,000. *See Memorandum In Support of Administrative Claim of Chapter 7 Trustee,* filed December 15, 1993.

After the filing of the Inventory, the trustee filed a motion for an order requiring the debtor to turnover certain personal property, including the state tax refund, on May 22, 1993. In apparent response to the trustee's action, the debtor gave notice of conversion of this case to a Chapter 13 proceeding on June 7, 1993.[3]

The debtor proposed a Chapter 13 plan, dated June 15, 1993, providing for payments to the Chapter 13 trustee in the sum of $400 monthly for the first 24 months, then $700 monthly for 12 months. The plan proposes a distribution to general unsecured creditors in the approximate amount of 30%. This plan was confirmed by an order entered, herein, on December 3, 1993.

The trustee has filed proof of claim # 7 for services rendered prior to conversion as an administrative expense claim in the amount of $2,031.26. The trustee seeks reimbursement of expenses in the amount of $205 and fees in the amount of $1,826.26. The trustee has computed the fees based upon the statutory maximum fee allowed by 11 U.S.C. § 326. The trustee indicates that had this case been fully administered in Chapter 7, non-exempt assets of $54,875.36 would have been disbursed. The trustee computes the percentages set forth in 11 U.S.C. § 326 to that sum to arrive at the fees. The trustee has also filed proof of claim # 15 which appears to duplicate claim # 7.

The debtor has objected to the allowance of the trustee's claim for administrative expenses as set forth above indicating, in the debtor's objection, that the claim should be allowed in the amount of $205 (reimbursement of trustee's expenses) as the balance exceeds reasonable compensation as set forth in 11 U.S.C. § 330.

## ISSUE

This court must decide how a Chapter 7 trustee should be compensated when the case has been converted to Chapter 13 and no monies were actually disbursed by the Chapter 7 trustee.

**3.** It is noteworthy, that after conversion to Chapter 13, the debtor filed schedules showing the

## DISCUSSION

■ All statutory references are to the Bankruptcy Code, Title 11 United States Code, unless otherwise indicated.

Section 330 provides in pertinent part:

(a) [T]he court may award to a trustee, . . .—

(1) reasonable compensation for actual, necessary services rendered by such trustee, ... based on the nature, the extent and the value of such services, the time spent on such services and the cost of comparable services other than in a case under this title; and

(2) reimbursement for actual, necessary expenses.

(b) There shall be paid from the filing fee in a case under Chapter 7 of this title, $45 to the trustee serving in such case, after such trustee's services are rendered.

Section 326 provides in pertinent part:

(a) In a case under chapter 7 or 11, the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed fifteen percent on the first $1,000 or less, six percent on any amount in excess of $1,000 but not in excess of $3,000, and three percent on any amount in excess of $3,000, upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.

The Ninth Circuit Bankruptcy Appellate Panel has concluded that trustees should be compensated for the reasonable value of services rendered notwithstanding the conversion of the case to another chapter. *Gill v. Wittenburg (In re Financial Corporation of America)*, 114 B.R. 221 (9th Cir. BAP 1990). There, the case had commenced as a Chapter 11 proceeding and had later converted to a Chapter 7 case. A Chapter 11 trustee had been appointed. The same trustee continued as Chapter 7 trustee, after conversion. The trustee, as Chapter 11 trustee, disbursed a large sum of money to himself, as Chapter 7 trustee after conversion. The court was con-

debtor's residence as having a value of $60,000.

fronted with the question of how §§ 326(a) and (c) should be applied to determine the compensation of the Chapter 11 trustee. The court noted:

A trustee under Chapter 11 of the Code is compensated for work performed in carrying on the business of the estate; in contrast the Chapter 7 trustee is compensated for tasks pursuant to liquidation. Although the nature of their services differ, both are valuable to the estate. 114 B.R. at 225.

The court further observed:

[C]riteria for setting trustee fees have closely resembled the factors used for awarding attorney fees.... Classically, those factors include the time and labor involved; the novelty and difficulty of the questions presented by the case; and the experience, reputation and ability of the professional....

Once reasonable fees are determined according to the above criteria, a trustee's fees are cut down, if required, to the statutory maximum stated in Section 326(a). 114 B.R. at 223.

Trustee fees should be set according to the section 330 criteria, not merely according to the amount of monies disbursed. 114 B.R. at 224.

This case differs from *In re Financial Corporation of America*, in that here the trustee did not actually disburse funds to the Chapter 13 trustee. A literal application of § 326 would seem to indicate that since no funds were disbursed to creditors by the trustee, that the trustee's compensation should be limited to the $45 provided in § 330(b) as there are no funds to which the percentage formula provided in § 326(a) may be applied.

That was the result reached by the court in *In re Woodworth*, 70 B.R. 361 (Bankr. N.D.N.Y.1987). There, the case commenced as a Chapter 7 proceeding. While the case was in Chapter 7, the trustee discovered an automobile having an approximate value to the estate of $10,000. When the trustee demanded turnover, the debtors converted the case to one under Chapter 13. The court held:

The Court cannot compensate the Trustee merely because a valuable, non-exempt as-

set was removed from what presumably would have been swift liquidation efforts by debtors' utilization of the Code's liberal conversion provisions.... the Court must deny that portion of the motion which seeks compensation for trustee's fees based upon Code § 326(a) beyond allowing the trustee the minimum compensation authorized by Code § 330(b).

*In re Woodworth*, 70 B.R. at 363.

Even the *Woodworth* court noted, however, that:

The Court's research has revealed that other bankruptcy courts have generally refused to apply a literal reading of Code § 326(a), restricting the section's application to fully administered cases only. Where a case is either converted or dismissed, courts have seen fit to compensate the trustee even where no money has been disbursed to creditors, upon a showing that the trustee has performed substantial services on the estate's behalf. 70 B.R. at 362.

Indeed, it appears that the court in *Woodworth* was concerned that: "... the trustee's activities have been minimal. The trustee did not prepare any Inventory; was not required to collect any tangible assets of the estate; ..." *Id.* "Additionally, a review of the records submitted by the trustee reveal that almost all matters concerning the status of the automobile were handled by his attorney." 70 B.R. at 363.

"The Courts, however, have generally reasoned that a literal reading of § 326(a) should apply only in fully administered cases and that in cases which were not fully administered, through no fault of the Trustee, compensation should be awarded to the Trustee on a *quantum meruit* basis when the Trustee performs substantial services, but did not disburse any moneys. This is especially true when the case is either dismissed or converted." *In re Stabler*, 75 B.R. 135, 136 (Bankr.M.D.Fla. 1987), *See also, In re Rennison*, 13 B.R. 951 (Bankr.W.D.Ky.1981).

Here, the parties apparently agree that the trustee's compensation should be set on a quantum meruit basis. In his Memorandum In Opposition To Administrative Claim of Chapter 7 Trustee, filed January 10, 1994,

the debtor concedes: "In light of the Chapter 7 Trustee's efforts, he should certainly be awarded some reasonable compensation for his services. It is the debtor's position that $500 is satisfactory to compensate the Chapter 7 Trustee for the work incurred in the Chapter 7 proceeding." *Debtor's Memorandum in Opposition to Administrative Claim of Chapter 7 Trustee,* p. 3, lines 9–13.

The trustee contends that it should be awarded reasonable compensation in the amount of the maximum allowable compensation set under § 326(a) on the total sums which the trustee calculates would have been disbursed had the estate been fully administered in Chapter 7. The trustee notes that it engaged in considerable efforts while this case was in Chapter 7. The trustee conducted the § 341(a) meeting in this case. It retained Chuck Fischer and Associates, Inc. as realtors to sell the debtor's residence. The trustee was actively involved in dealing with the debtor's lack of cooperation with the trustee's realtors. It also filed an inventory and motion for turnover of assets.

The debtor does not dispute the services rendered by the trustee (although the debtor does not admit that the debtor was uncooperative).

It is clear that the trustee's services have not been minimal as was the case in *In re Woodworth.* A Chapter 13 plan has been confirmed in this case which, if performed by the debtor, will result in an approximate payment to general unsecured creditors of 30% of their claims. The trustee must be given a large portion of the credit for this favorable result. Even the debtor admits that he decided to convert his case to a Chapter 13 proceeding "... upon learning that his real property was worth more than he had anticipated ..." *Debtor's Memorandum in Opposition to Administrative Claim of Chapter 7 Trustee,* p. 3, lines 5 and 6.

Without the vigorous efforts of the trustee, this case would probably have been administered as a no-asset Chapter 7 proceeding. Pursuant to the terms of the confirmed Chapter 13 plan, the total sum of $18,000 will be paid by the debtor to the Chapter 13 trustee. Chapter 7 trustees must be encouraged to undertake the type of efforts in which the trustee engaged in this case.

This court agrees with other courts that have considered this issue, the trustee is entitled to compensation based upon the reasonable value of the actual and necessary services which were rendered by the trustee on a quantum meruit basis. Accordingly, each case must be determined upon its own facts.

■ Based upon the facts presented in this case, the court concludes that reasonable compensation for the trustee may be arrived at by computing the percentage formula set forth in § 326(a) on the total amount of funds to be paid by the debtor to the Chapter 13 trustee in this case. Such a computation yields a trustee's fee of $720. In addition, the trustee should be reimbursed for its reasonable expenses in the sum of $205.

## CONCLUSION

Based upon the foregoing, this court concludes that claim # 7 on behalf of Michael A. Grassmueck, Inc., the former Chapter 7 trustee herein, should be allowed in the sum of $925, the balance of the claim should be disallowed. Claim # 15 should be disallowed as duplicative of claim # 7, an order consistent herewith shall be entered.