In re Jerome R. FISCHER and Margaret A. Fischer, Debtors.

Bankruptcy No. BKY 96–48140.

United States Bankruptcy Court,
D. Minnesota.

July 11, 1997.

Michael C. Sabeti, Fuller Seaver & Ramette, P.A., Minneapolis, MN, for trustee.

George W. Roberts, Minneapolis, MN, for debtor.

Stephen J. Creasey, Minneapolis, MN, for Chapter 13 Trustee.

Michael J. Fadlovich, Minneapolis, MN, for U.S. Trustee.

## ORDER DENYING APPLICATION FOR COMPENSATION BY FORMER TRUSTEE

ROBERT J. KRESSEL, Bankruptcy Judge.

This case came on for hearing on the application of James E. Ramette, the former trustee, for allowance of compensation. Michael C. Sabeti appeared for Ramette, George W. Roberts appeared for the debtor, Stephen J. Creasey appeared on behalf of J.J. Mickelson, the chapter 13 trustee, and Michael J. Fadlovich appeared on behalf of the United States Trustee.

## BACKGROUND

This case was commenced as a chapter 7 case on December 19, 1996, and James E. Ramette was appointed the trustee. Ramette performed the usual services of a chapter 7 trustee, including preparation for and presiding at the meeting of creditors. The debtors claimed their homestead exempt in their Schedule C. Ramette objected to the exemption on the grounds that the value of the homestead exceeded the statutory maximum of $200,000.00. When the debtors did not respond to the objection, the objection was sustained.

On April 16, 1997, the debtors converted their case to a case under chapter 13. Ramette has now filed this application requesting that he be allowed an administrative expense for the actual and necessary costs of preserving the estate pursuant to 11 U.S.C. § 503(b)(1)(A) or, in the alternative, be allowed reasonable compensation under 11 U.S.C. § 330(a)(1)(A). The amount he requests is $7,675.00.

## DISCUSSION

■ Any request for an allowance of an administrative expense under § 503(b)(1)(A) must be denied since § 330 is the exclusive basis for compensation for trustees.

Section 330(a)(1) provides:

After notice to the parties in interest and the United States trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, an examiner, a professional person employed under section 327 or 1103—

(A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and

(B) reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).

With his original application, Ramette did not supply any time records to indicate how much time he had spent as trustee nor what he had done. Instead, he looked to § 326(a) which states the maximum amount a trustee is entitled to be allowed under § 330(a) and requests that he be allowed the maximum stated in that section. The debtor and the standing chapter 13 trustee both objected to the application, at least in part.

While there is a lot of talk in the pleadings about compensation based on principles of quantum meruit, the standard for the allowance of compensation to trustees is stated in § 330(a)(1)(A), i.e., "reasonable compensation for actual, necessary services." Section 330(a)(3) contains a list of factors to be considered in allowing reasonable compensation, including:

(A) the time spent on such services;

(B) the rates charged for such services;

(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

(E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

■ With his reply to the objections to the motion, Ramette did provide an itemization of the time he has spent on this case. That

itemization reflects 5.2 hours of time. However, 2.3 hours of that time was spent after the conversion of the case to a case under chapter 13, which terminates his service in the case. 11 U.S.C. § 348(e). Those 2.3 hours were spent not in administering the debtors' case, but in taking steps to try to collect his own fees. That leaves 2.9 hours that the trustee spent in administering the debtors' case while it was in chapter 7.

■ For this 2.9 hours of service, the trustee requests compensation in the amount of $7,675.00. The trustee arrives at this amount by applying the formula in § 326(a) to the hypothetical equity in the debtors' homestead. First of all, it is a substantial leap to presume that the estimated equity in the home is the amount that would ultimately be distributed to creditors. Secondly, the formula in § 326(a) is intended as a cap on compensation for trustees, not a specification of entitlement.

In reviewing the services the trustee performed, I find that the reasonable value of those services is $290.00.

■ However, notwithstanding the reasonable value of the trustee's services, § 326(a) puts a cap on the amount of fees that may be allowed to a trustee. The cap is arrived at by applying the formula found in § 326(a) to "all monies disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims." 11 U.S.C. § 326(a).

■ Ramette, rather inconsistently, wants to utilize the formula found in § 326(a) in determining the amount of his fees, but wants to ignore that part of § 326(a) which requires the percentage to be applied only to monies disbursed or turned over in the case. The trustee argues that § 326(a) should apply only to "fully administered" cases and ignored in cases like this one, which are converted to chapter 13 or dismissed Ramette concedes that the statute contains no such proviso, but relies on a number of cases which have allowed such compensation, usually under the rubric of quantum meruit. Ramette and the cases he cites ignore the plain meaning or strict reading of the statute

in order to do equity. However, when Congress has spoken as clearly as it has, it is inappropriate to go beyond the statute in order to achieve what is perceived as fairness.

Being a chapter 7 trustee is a difficult and risky business. While the trustee is entitled to a statutory part of the filing fee, currently $60.00, that amount rarely compensates the trustee for the time spent on the case. Trustees can only hope that by achieving certain efficiencies by way of volume and by making a substantial fee in an occasional case, that the work of a trustee will be profitable.[1]

One of the risks that trustees take is that even if there are nonexempt assets in the case, that the debtor will convert the case to chapter 13 or obtain dismissal of the case short of final administration. This is one of those cases.

THEREFORE, IT IS ORDERED: The application of James E. Ramette for allowance of an administrative expense is denied.

---

1. Trustees also indirectly profit by being employed as the attorney for the trustee and obtaining reasonable compensation for that service

which is not subject to the cap. In fact, I have allowed Ramette's law firm legal fees in the amount of $1,332.90 in this case.