**In re Roger R. MURPHY, Debtor.**

**No. 01–16366 ABC.**

United States Bankruptcy Court, D. Colorado.

Jan. 9, 2002.

Andrew L. Cameron, Denver, CO, Susan P. Knight, Denver, CO, for debtor.

John A. Lobus, Lakewood, CO, for creditor.

## OPINION AND ORDER ON MOTION FOR ALLOWANCE OF ADMINISTRATIVE CLAIM IN CONVERTED CASE

BRUCE A. CAMPBELL, Bankruptcy Judge.

This matter is before the court on the Chapter 7 trustee's Motion for Allowance of Administrative Claim in Converted Case ("Motion"). The debtor commenced his case as a Chapter 7 and later converted it to Chapter 13 pursuant to 11 U.S.C. § 706(a). Conversion occurred before the Chapter 7 trustee collected any assets or distributed any moneys in the Chapter 7. The Chapter 7 trustee had, however, expended time and resources in discharging his responsibilities as bankruptcy fiduciary. He reviewed the statement of financial affairs and schedules filed by the debtor; he conducted a meeting of creditors; he investigated asset values on claimed exemptions; he challenged certain exemptions and sought to negotiate a settlement with the debtor; he determined what should be abandoned to the debtor and sent appropriate notices. The case was then converted by the debtor to Chapter 13.

The Chapter 7 trustee now seeks allowance under 11 U.S.C. § 503(b) as a priority administrative claim, of a fee in the amount of $420.00 and reimbursement of costs of $8.50 under 11 U.S.C. § 330(a). Notice of the Chapter 7 trustee's application was given to all parties in interest, including the Chapter 13 trustee, and no objections were filed. Nevertheless, the court set the matter for hearing, heard argument from the Chapter 7 trustee in support of his application, and took the matter under advisement.

▬ Under any circumstance, an award of trustee's fees requires analysis under both sections 330 and 326 of the Bankruptcy Code. Here the court finds the Chapter 7 trustee's requested compensation and reimbursement of expenses reasonable for purposes of 11 U.S.C. § 330(a).[1] Nevertheless, 11 U.S.C. § 326 ("Limitation on compensation of trustee")[2] raises several issues concerning trustee compensation when a case converts from Chapter 7 to Chapter 13 and both Chapter 7 and Chapter 13 trustees participate in administration of a case. The threshold issue is whether section 326(a) prohibits, outright, any compensation to a Chapter 7

1. This section of the Bankruptcy Code is entitled "Compensation of officers" and states in pertinent part:
   (a)(1) [S]ubject to section [] 326 ... the court may award to a trustee ...
   (A) reasonable compensation for actual, necessary services rendered ... and
   (B) reimbursement for actual, necessary expenses.
   ....
   (b)(1) There shall be paid from the filing fee in a case under chapter 7 of this title $45 to the trustee serving in such case, after such trustee's services are rendered.

2. This section overrides the "reasonable compensation" that might otherwise be payable to a trustee under Section 330(a):

(a) In a case under chapter 7 or 11, the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed 25 percent on the first $5,000 or less, 10 percent on any amount in excess of $5,000 but not in excess of $50,000, 5 percent on any amount in excess of $50,000 but not in excess of $1,000,000, upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holder of secured claims (emphasis added).

trustee in a case that converts from Chapter 7 to chapter 13 where, prior to conversion, no moneys are "disbursed or turned over" to parties in interest. A negative response to this inquiry presents at least the following additional questions:

1. Upon conversion to chapter 13, do the percentage limitations of section 326(a) apply at all to the Chapter 7 trustee's administrative claim?

2. If so, do these limitations apply separately or in the aggregate to the Chapter 7 trustee and the Chapter 13 trustee?

3. Is there a priority scheme to payment between fees allowed to a Chapter 13 trustee and those of the trustee of a superceded Chapter 7, much as there is in superceding Chapter 7 cases? 11 U.S.C. § 726(b).

4. Do the percentage limitations of section 326(a) require the allowed administrative expense claims of a Chapter 7 trustee in a superceding Chapter 13 case to be paid as a portion of each monthly Chapter 13 plan distribution?

■ The majority of courts that have addressed the question appear to have ruled that section 326(a) does not preclude Chapter 7 trustee administrative claim allowance following conversion to Chapter 13. Treatment of the subsidiary issues presented to such courts has led to consid-

erable inconsistency in the reported cases.[3] Courts have been willing to enter this thicket, guided by the following diverse rationales. It simply is unfair to let a hardworking Chapter 7 trustee go unpaid when a debtor slips from Chapter 7 to Chapter 13 following the trustee's discovery of an undervalued exempt asset or an asset the debtor omitted from his schedules.[4] Denying the Chapter 7 trustee compensation creates a disincentive for Chapter 7 trustees diligently to discharge their fiduciary responsibilities.[5] A number of courts have looked to *quantum meruit* theory to allow trustee fees that otherwise might be proscribed by section 326.[6] Courts have found legislative intent to apply the limitations of section 326 twice in the same case-subsection (a) to the Chapter 7 trustee's fee in the superceding Chapter 13 and subsection (b) (or 28 U.S.C. § 586(e)) to the Chapter 13 trustee's fees.[7]

■ This Court finds more compelling the position of the minority of reported cases. Notwithstanding what might otherwise qualify as "reasonable compensation" for a trustee under section 330(a), Chapter 7 trustee's fees are limited by the plain language of section 326(a) to a percentage of moneys Chapter 7 trustees disburse, even in cases that convert to Chapter 13. *In re Fischer*, 210 B.R. 467 (Bankr.

3. *Compare, e.g., In re Hages*, 252 B.R. 789 (Bankr.N.D.Cal.2000) (Section 326 cap separately applied to Chapter 13 trustee and Chapter 7 trustee) *with In re Rodriguez*, 240 B.R. 912 (Bankr.D.Colo.1999) (aggregates Chapter 7 and Chapter 13 trustee fees in applying section 326 cap); *and In re Berry*, 166 B.R. 932 (Bankr.D.Or.1994) (allowing the Chapter 7 trustee up to the 326(a) cap based on distributions in the superceding Chapter 13 case on a quantum meruit basis) *with In re Colburn*, 231 B.R. 778 (Bankr.D.Or.1999), (rejecting a quantum meruit basis for fees, but determining that the section 326(a) cap is no longer applicable to a Chapter 7 trustee's

compensation once a case converts to Chapter 13).

4. *In re Colburn*, 231 B.R. at 783; *In re Rodriguez*, 240 B.R. at 915; *In re Hages*, 252 B.R. at 793.

5. *In re Berry*, 166 B.R. at 935; *In re Hages*, 252 B.R. at 794.

6. *See, e.g., In re Berry*, 166 B.R. at 934; *In re Moore*, 235 B.R. 414, 416–17 (Bankr.W.D.Ky. 1999).

7. *In re Hages*, 252 B.R. at 797–98.

D.Minn.1997); *In re Woodworth,* 70 B.R. 361 (Bankr.N.D.N.Y.1987).

In funding the Chapter 7 bankruptcy trustee system, not with appropriations but with a percentage of moneys actually collected and distributed to parties in interest, fairness to trustee, incentives for discharging fiduciary responsibilities, and rewarding valuable services were not foremost on Congress's agenda. The substantial majority of Title 11 cases start and end as Chapter 7 cases in which trustees are expected to perform the essential tasks of scrutinizing a debtor's assets, schedules, and conduct only to determine that there are "no assets" from which to collect and distribute anything. More often than not, Chapter 7 trustees are limited by sections 326(a) and 330(b) compensation for their critical services in the form of a meager portion of the debtor's filing fee.[8]

As noted by Judge Kressel in the *Fischer* case,

> [W]hen Congress has spoken as clearly as it has, it is inappropriate to go beyond the statute in order to achieve what is perceived as fairness.

> Being a chapter 7 trustee is a difficult and risky business . . . .

> One of the risks that trustees take is that even if there are nonexempt assets in the case, that the debtor will convert the case to chapter 13 or obtain dismissal of the case short of final administration. This is one of those cases.

210 B.R. at 467.[9]

This, too, is one of those cases. Accordingly, it is

ORDERED that the Chapter 7 trustee's application for allowance of an administrative expense claim for his fees in this converted Chapter 13 case is DENIED. The Chapter 7 trustee is awarded an administrative expense claim of $8.50 for reasonable, reimbursable expenses.

---

8. Given this reality, it is anomalous to project that Congress intended an unstated exception to the often harsh workings of section 326(a) to apply in Chapter 7 cases that convert to Chapter 13.

9. As solace, the *Fischer* decision notes that trustees "can only hope that by achieving certain efficiencies by way of volume and by making a substantial fee in an occasional case, that the work of a trustee will be profitable." *Id.*