In re MAIN REALTY
& MANAGEMENT,
LLC, Debtor.

No. 00–23242.

United States Bankruptcy Court,
D. Connecticut.

April 19, 2002.

Anthony S. Novak and Linda J. St. Pierre, Chorches & Novak, P.C., Wethersfield, CT, Counsel for Chapter 7 Trustee.

James F. Ripper, Real Estate Resources LLC, Rocky Hill, CT, Counsel for Debtor.

Carol A. Felicetta, New Haven, CT, Counsel for Carolyn S. Schwartz, United States Trustee, Region 2 and Patricia Beary, Assistant United States Trustee, District of Connecticut.

## RULING ON CHAPTER 7 TRUSTEE'S FEE APPLICATION

ROBERT L. KRECHEVSKY,
Bankruptcy Judge.

### I.

### ISSUE

The question in this matter is the entitlement of a Chapter 7 Trustee to reasonable compensation from the debtor's property when the debtor's Chapter 7 case was reconverted to one under Chapter 11 and then dismissed, without any distribution to creditors during the Chapter 7 case. Although the debtor does not object to the requested compensation, the United States Trustee for Region 2 and Assistant United States Trustee for the District of Connecticut (together, "the U.S. Trustee") oppose the fee application.

## II.

### BACKGROUND

Main Realty & Management, LLC ("the debtor") filed a petition under Chapter 11 on December 8, 2000, listing as its only significant asset an office building located at 121–131 Main Street, New Britain, Connecticut ("the property"). The U.S. Trustee, on June 20, 2001, filed a motion to convert the debtor's Chapter 11 case to one under Chapter 7, or, alternatively, to require the debtor to take certain actions by stipulated dates, intended to lead to a hearing on plan confirmation ("the U.S. Trustee's motion"). When, after several continuances, the U.S. Trustee's motion, on August 23, 2001, came on for hearing, the debtor's attorney, James F. Ripper, Esq. ("Ripper")[1] failed to appear. The court, consequently, ordered the debtor's case converted to one under Chapter 7 and requested the U.S. Trustee to appoint a trustee. The U.S. Trustee appointed Anthony S. Novak, Esq. ("Novak") from the panel of private trustees as interim case trustee.

Three weeks later, on September 13, 2001, the debtor filed a motion to vacate the order of conversion and to permit the debtor's estate to remain in Chapter 11. The debtor alleged that Ripper's failure to attend the August 23, 2001 hearing was due to Ripper's belief that the debtor had filed all delinquent reports and the U.S. Trustee was going to withdraw the conversion motion. The court, after a duly-noticed hearing held on October 11, 2001, vacated the conversion order, with the U.S. Trustee's consent. Novak, by a pleading dated October 10, 2001, had filed a "limited objection" to the debtor's motion to vacate, contending that any order of reconversion should provide that Novak's services and expenses during the Chapter 7 case "in excess of $1,500" be paid. (Novak Obj. at 2).

The debtor thereafter submitted a disclosure statement and a plan of reorganization. But, on January 24, 2002, the debtor filed a motion for dismissal of its Chapter 11 case, asserting that it was in the best interest of creditors and the debtor. Novak then submitted the instant application for Chapter 7 administrative trustee fees and expenses, duly itemizing expenditures of time amounting to $4,932.50 and costs of $35.46. The application, in paragraph nine, stated: "Upon consultation with Debtor's counsel, the Trustee has agreed to a payment of $1,300 for his fees and expenses incurred in this case." Novak further asserted that the itemized services rendered were "associated with the pursuit of assets on behalf of creditors in this case." (Novak App. ¶ 11).

On April 2, 2002, the U.S. Trustee filed a brief in opposition to Novak's application, noting that under a "literal application" of Bankruptcy Code § 326(a), Novak is not entitled to compensation and that Novak did not perform "substantial services on the estate's behalf to warrant equitable compensation based on *quantum meruit.*" (U.S. Trustee Br. at 3).

The court, on April 4, 2002, held a hearing on the debtor's motion to dismiss its case and on Novak's fee application. There being no objection from the appearing parties, the court entered an order dismissing the debtor's Chapter 11 case. Novak testified concerning the extent of his services as Chapter 7 trustee. They included reviewing land records, visiting the property, conferring with secured parties concerning the perfection and status of the security documents and contacting re-

---

1. The docket sheet for this case does not indicate the debtor ever sought to receive court approval for Ripper to serve as attorney for the debtor-in-possession.

altors to determine the market value of the property. He also had collected rents totaling $2,539.74, out of which he still retains $1,300 pending the court's ruling on his application.

## III.

## DISCUSSION

### A.

There are a number of reported opinions from district and bankruptcy courts generally dealing with the issue raised in this proceeding. They are divided in their holdings.

Bankruptcy Code § 330(a),[2] *inter alia,* authorizes the court to award to a trustee, subject to § 326, "reasonable compensation." Section 326(a)[3] limits a Chapter 7 trustee's compensation to certain percentages of monies distributed to creditors, "excluding the debtor...." Some courts rely upon the plain meaning rule to hold that since the Bankruptcy Code contains no provision for compensating Chapter 7 trustees when no monies are disbursed to creditors,[4] the court lacks discretion to make an award. In a situation comparable to the present case, where the debtor's Chapter 7 case was converted to one under Chapter 11 and, then, voluntarily dismissed, a district court upheld the bankruptcy court's denial of fees to a Chapter 7 trustee, holding: "The plain language of section 326(a) indicates that only money the trustee distributes can be included in calculating the compensation base." *In re Celano,* No. CIV.A.01–1310, 2001 WL 1586778, at *3 (E.D.La. Dec.7, 2001). The court further concluded that if unfairness to a diligent trustee might result, "the problem needs to be remedied by Congress, rather than this Court." *Id; see also In re Murphy,* 272 B.R. 483, 485 (Bankr.D.Colo.2002) ("Notwithstanding what might otherwise qualify as 'reasonable compensation' for a trustee under section 330(a), Chapter 7 trustee's fees are limited by the plain language of section 326(a) to a percentage of moneys Chapter 7 trustees disburse, even in cases that convert to Chapter 13."); *In re Fischer,* 210 B.R. 467, 469 (Bankr.D.Minn.1997) (denying the Chapter 7 trustee's request for compensation after case was converted to Chapter 13, stating that "[o]ne of the risks that trustees take is that even if there are nonexempt assets in the case, that the debtor will convert the case to chapter 13 or obtain dismissal of the case short of final administration."); *In re*

**2.** Section 330 provides in relevant part:
(a)(1) After notice to the parties in interest and the United States trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, an examiner, a professional person employed under section 327 or 1103—
(A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and
(B) reimbursement for actual, necessary expenses.

**3.** Section 326 provides in relevant part:
(a) In a case under chapter 7 or 11, the court may allow reasonable compensation under section 330 of this title of the trustee

for the trustee's services, payable after the trustee renders such services, not to exceed 25 percent on the first $5,000 or less, 10 percent on any amount in excess of $5,000 but not in excess of $50,000, 5 percent on any amount in excess of $50,000 but not in excess of $1,000,000, and reasonable compensation not to exceed 3 percent of such moneys in excess of $1,000,000 upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.

**4.** Pursuant to Bankruptcy Code § 330(b), all trustees in Chapter 7 cases presently receive a $60 fee out of the filing fee paid by the debtor.

*Woodworth,* 70 B.R. 361, 363 (Bankr. N.D.N.Y.1987) (denying Chapter 7 trustee compensation when case was converted to Chapter 13 even though trustee had discovered valuable asset). *Cf. In re England,* 153 F.3d 232, 235 (5th Cir.1998) (concluding that calculation of Chapter 7 trustee's maximum compensation cannot include unliquidated property transferred to unsecured creditors, and stating that "[t]he plain language of § 326(a) indicates that the statute caps a trustee's compensation based upon only the moneys disbursed, without allowance for the property disbursed.").

Other courts, and they are presently in the majority, conclude that a literal application of § 326(a) may result in harshness, and where a Chapter 7 trustee has, for example, discovered assets before the conversion or voluntary dismissal of the debtor's case occurred, an award of compensation on a *quantum meruit* basis is justified. *See In re Rodriguez,* 240 B.R. 912, 914 (Bankr.D.Colo.1999) (awarding compensation on *quantum meruit* principle where before the debtor converted case to Chapter 13 the Chapter 7 trustee had investigated debtor's failure to keep financial records, and filed an adversary proceeding to deny debtor's discharge); *In re Moore,* 235 B.R. 414, 417 (Bankr. W.D.Ky.1999) (granting the Chapter 7 trustee compensation on *quantum meruit* basis when case converted to Chapter 13 after trustee had performed substantial services resulting in discovery of assets); *In re Colburn,* 231 B.R. 778, 785 (Bankr. D.Or.1999) (granting Chapter 7 trustee compensation for transforming a "no asset" Chapter 7 case to one that would have paid 100% to creditors where Chapter 7 case converted to Chapter 13); *In re Washington,* 232 B.R. 814, 818 (Bankr. S.D.Fla.1999) (granting Chapter 7 trustee compensation on *quantum meruit* basis for services in discovering debtor's undisclosed assets before case converted from

Chapter 7 to Chapter 13); *In re Berry,* 166 B.R. 932, 935 (Bankr.D.Or.1994) (same); *see also In re Pancoastal, Inc.,* 104 B.R. 656, 659 (Bankr.D.Del.1989); *In re Roberts,* 80 B.R. 565, 568 (Bankr. N.D.Ga.1987); *In re Stabler,* 75 B.R. 135, 136–37 (Bankr.M.D.Fla.1987); *In re Parameswaran,* 64 B.R. 341, 344 (Bankr. S.D.N.Y.1986); *In re Pray,* 37 B.R. 27, 30–31 (Bankr.M.D.Fla.1983).

## B.

■ The U.S. Trustee does not ask the court for a ruling in this proceeding that no fee can ever be paid to a Chapter 7 trustee when the trustee did not disburse monies to creditors. Rather, the U.S. Trustee contends that *quantum meruit* compensation does not lie where nothing substantial was accomplished by the trustee. They note that within three weeks after his appointment, Novak was alerted to the fact that "his role might be terminated before fully administering the case." (U.S. Trustee Br. at 3.) No creditors' meeting pursuant to Bankruptcy Code § 341 was ever held. They further assert that Novak neither discovered assets nor commenced avoidance actions, and that most of Novak's time involved investigating whether there might be equity in the property for unsecured creditors. *Cf. In re Fischer,* 210 B.R. at 469 ("Being a chapter 7 trustee is a difficult and risky business. While the trustee is entitled to a statutory part of the filing fee, currently $60.00, that amount rarely compensates the trustee for the time spent on the case. Trustees can only hope that by achieving certain efficiencies by way of volume and by making a substantial fee in an occasional case, that the work of a trustee will be profitable.").

## IV.

### *Status of U.S. Trustee*

28 U.S.C. § 586(a)(3) provides:

Each United States trustee ... shall ... whenever the United States trustee considers it to be appropriate—

(A)(i) review[ ], in accordance with procedural guidelines adopted by the Executive Office of the United States Trustee[5] (which guidelines shall be applied uniformly by the United States trustee, except when circumstances warrant different treatment), applications filed for compensation and reimbursement under section 330 of title 11; and

(ii) file[ ] with the court comments with respect to such application and, if the United States Trustee considers it appropriate, object[ ] to such application.

 "[T]he United States trustee is a proper party to intervene and be heard at any hearing to consider fees. Moreover, because of the oversight responsibilities, the United States trustee is in the best position to advise the court on the contribution of the various parties and to support or object to premium requests on applications based on a party's 'substantial contribution.' " 1 Lawrence P. King, Collier on Bankruptcy, ¶ 6.20[1][a] (15th ed. rev.2001).

## V.

### CONCLUSION

This matter is a close call. Both Novak, as a long time member of the panel of private trustees, and the Assistant United States Trustee and her counsel are well known to this court as conscientious, capable and credible professionals. The court, on several occasions in the past, has approved *quantum meruit* compensation in dismissed Chapter 7 cases to Chapter 7 trustees (in relatively minor amounts) when there was no objection by the U.S. Trustee or any other party. After giving due consideration to the arguments of both parties, the court concludes that Novak's services do not rise to the level of actual value or potential benefit to the debtor or its creditors sufficient to warrant *quantum meruit* compensation. *Cf. Black's Law Dictionary* 1255 (7th ed.1999) (defining *'quantum meruit'* as, *inter alia*, "a claim or right of action for the reasonable value of services rendered"); *Morgan Buildings & Spas, Inc. v. Dean's Stoves & Spas, Inc.*, 58 Conn.App. 560, 563, 753 A.2d 957 (2000) ("A plaintiff seeking damages under ... quantum meruit must establish that the defendant received a benefit ....."); *cf. also* H.R.Rep. No. 95–595, at 108 (1977), U.S.Code Cong. & Admin.News 1978, 5963, 6069 (discussing the effects of the then proposed changes in fee structure for liquidation cases, and stating that "[t]rustees will be required to recover assets for the benefit of creditors before they may be paid").

The application for Chapter 7 trustee fees is denied. It is

SO ORDERED.

---

**5.** An examination of these guidelines reveals nothing relevant to the issue before the court.